JUDGE ELLIOTT
delivered the opinion of the court.
The appellants were indicted in the Owen Criminal Court, and charged as having, as merchants, and without a license so to do, sold Elijah O’Banion one quart of whisky at Lusby’s Mills, in Owen County.
' The evidence conduced to prove that appellants were merchants, and also partners in the distillation of whisky, and that their store-house was at Lusby’s Mills. The evidence also conduced to prove that appellants had their whisky stored in a small house standing in appellant Acree’s yard, and on the opposite side of the street from their store-house, and that while there appellant Kinman sold O’Banion one quart of the whisky, in the absence of his partner, Aeree, and that Aeree knew nothing of and did not assent to the sale.
*355 At the close of the evidence the court refused, at appellant’s instance, to instruct the jury that unless Aeree was present or assented to the sale of the whisky they must find him not guilty.
The court also refused to instruct the jury that if the whisky was manufactured by appellants and sold at the residence of either, they should find them not guilty.
We are of opinion that the - court did not err in its refusal to give this latter instruction.
It is true that by an act of the legislature of this state, passed in 1876, the manufacturer of distilled spirits was authorized to sell them at his residence instead of his still-house, which was the law at the passage of the act, and it is also true that at the common law a man could not be convicted of a penal or criminal offense unless the offense was unlawful at the time of the trial thereof, as well as at the finding of the indictment, but this rule has been changed by the General Statutes, which provide that “ No new law shall be construed to repeal a former law, as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.” v-(Ohap. 21, sec. 23.)
As therefore the sale by a distiller at his residence, when the indictment in this case was found, was unlawful, he can not escape by reason of a change of the law after the commis *356 sion of the offense, but is only entitled to the benefit of any mitigated punishment enacted by the new law at his own election. (See General Statutes, page 247.)
But we are of opinion that the court erred in its refusal to instruct the jury that if they found, from the evidence, that either of the appellants was neither present nor assented to the sale of the whisky, although sold by the other to O’Banion, such person was not guilty.
The law, from the fact that appellants were mercantile partners, does not imply an agreement by them, as a part of their partnership undertaking, to violate the penal laws-by a sale of whisky in contravention of the statute, and therefore the guilt of either of them depends either upon a sale by him, or the assent of his mind in some form to a sale by the other.
Wherefore the judgment is reversed, and cause remanded for further proceedings not inconsistent herewith.