Waddell v. Commonwealth.  Fleming v. Same.  Taylor v. Same.

CASE 40—INDICTMENTS—SEPTEMBER 25.

# Waddell v. Commonwealth.

# Fleming v. Same.

# Taylor v. Same.

PPEALS FROM JEFFERSON CIRCUIT COURT.

1. ALTHOUGH THE LAW UNDER WHICH AN OFFENSE WAS COMMITTED HAS
   BEEN REPEALED, the offender may still be convicted and punished,
   provided there is nothing in the repealing statute which impairs the
   force or in any way affects section 23 of chapter 21 of the General
   Statutes, which provides that "no new law shall be construed to re-
   peal a former law as to any offense committed against the former
   law," etc.  This general provision and the repealing statute must be
   construed together.

   Therefore, one who committed the offense of "setting up, exhibiting
   and keeping a faro bank," prior to the act of March 25, 1886, amend-
   ing the gaming laws, may still be convicted and punished, although
   the law under which the offense was committed has been repealed.
2. EXISTING LAWS MUST BE CONSTRUED TOGETHER, and reconciled if it
   be possible.
3. IN AN INDICTMENT FOR SETTING UP, EXHIBITING AND KEEPING A
   FARO BANK, it is sufficient to simply allege that it was set up, exhib-
   ited and kept, without adding any words descriptive or explanatory of
   the purpose for which it was or may be used, the faro bank being
   mentioned in the statute by name.    It is only where the machine or
   contrivance set up, exhibited and kept is not specially mentioned and
   designated in the statute, nor the purpose for which it is ordinarily
   used otherwise indicated, that it is necessary to allege that the con-
   trivance was one "whereby money or property or other thing is or
   may be won or lost," or to describe it by the use of equivalent words.

KOHN & BARKER FOR APPELLANTS.

1. The repeal of a criminal statute ends all prosecutions for its violation,
   unless there be a saving clause in the repealing statute, or a statute
   whereby it is provided that the repeal of a statute shall not affect any
   act done before the repeal took place.    (Sedgwick on Statutory Law,
   pages 129 and 130; Cooley on Constitutional Limitations, 4th edition,
   page 477; Bishop on Statutory Crimes, section 177; Rachel v. United
   States, 6 Cranch, 329; Bishop on Criminal Law, vol. 1, page 103;
   Commonwealth v. Welch, 2 Dana, 331; Commonwealth v. Jackson, 2

Waddell v. Commonwealth.   Fleming v. Same.   Taylor v. Same.

B. M., 402; Palmer v. Commonwealth, 2 Bush, 577; Commonwealth
v. Cain, 14 Bush; Speckert v. City of Louisville, 78 Ky., 288; Cecil
v. Bray, 4 Ky. Law Rep., 367.)

2. Section 23 of chapter 21, General Statutes, is merely a rule of construc-
tion, and does not apply where one statute expressly repeals another,
there being no room for construction in such a case.

The act of 1886 expressly repeals the statute under which appel-
lants were convicted.   (Wade on Retroactive Laws, sec. 289.)

3. Our statute is not such a statute as exists in the States in which it has
been held that the repeal does not prevent punishment for past of-
fenses.   (State v. Matthews, 14 Mo., 136; McCowen v. State, 19 Ark.,
634; Statutes of Iowa.)

4. The indictment is fatally defective.   It should have been alleged that
money or other thing was won or lost.   The mere having or exhibit-
ing a keno bank or a faro bank is not an offense in Kentucky.   (Gen.
Stats., chap. 47, art. 1, sec. 6; Commonwealth v. Burns, 4 J. J. Mar.,
179; Montee v. Commonwealth, 3 J. J. Mar., 132; Ritte v. Common-
wealth, 18 B. M.; Commonwealth v. Monarch, 6 Bush, 302.)

F. HAGAN on same side.

1. The indictment is not certain as to the offense charged.   It charges
three distinct offenses—setting up, keeping and exhibiting a faro table
whereby money is or may be won or lost, and is, therefore, not good.
(Civil Code, sec. 124.)

2. The indictment should have stated that money was won or lost.

3. It was error to allow the appellant to be tried by jurors who belonged
to a society that had for its object the suppression of gaming, and who
had subscribed money for that purpose.

4. As the statute under which appellants were convicted has been re-
pealed, they can not now be punished under that statute, and the
judgment must, therefore, be reversed.   (Cain v. Commonwealth, 14
Bush, 525; Commonwealth v. Welch, 2 Dana, 331; Commonwealth v.
Miller, 11 Pick., 350; Yeaton v. United States, 5 Cranch., 281; 7
Wheat., 552.)

P. W. HARDIN, Attorney General, A. G. CARUTH and B. W.
DUKE for appellee.

Briefs not in record.

JUDGE LEWIS delivered the opinion of the court.

As the convictions in all these cases were under sec-
tion 6, article 1, chapter 47, General Statutes, for the
offense of setting up, exhibiting and keeping a faro

bank, and the same questions are presented in each of them, they will be considered together.

The part of the section applicable is as follows: "Whoever shall set up, exhibit, or keep for himself or another, or shall procure to be set up, exhibited or kept, any faro bank, gaming table, machine or contrivance used in betting, or other game of chance, whereby money or other thing is or may be won or lost, shall be fined five hundred dollars and costs, and imprisoned until the same be paid, or imprisoned not more than one year, or both so fined and imprisoned; shall be deemed infamous after conviction, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust or profit."

Under that section it is made an offense for a person to set up, exhibit or keep any machine or contrivance that, in the language of this court in Ritte v. Commonwealth, 18 B. M., 25, "is ordinarily used for gambling · for money or property." And it is not, therefore, necessary, as counsel contends, to charge in an indictment for any such offense, or ·to prove on the trial, that money or other thing was, on any particular occasion, actually won or lost thereby.

Nor was it even necessary, as is argued, that the indictments in these cases should have contained the words "whereby money or property or other thing is or may be won or lost," or any other words of like import.

Whenever the offense charged in an indictment under that section is for setting up, exhibiting and keeping some machine or contrivance not specially

mentioned and designated, nor the purpose for which it is ordinarily used otherwise indicated, it becomes necessary to use the words just quoted, or those which are equivalent, in order to show that the offense charged belongs to the class of offenses therein denounced. But the faro bank being mentioned in the section by name, it is sufficient to simply allege in the indictment that it was set up, exhibited and kept, without adding any words descriptive or explanatory of the purpose for which it was or may be used. And this distinction has been practically made by this court in the case of Commonwealth v. Monarch, 6 Bush, 298, cited by counsel.

There this language was used: "The statute denounces by name the setting up and keeping a faro bank at which money is won and lost; therefore, a legal signification is given to that contrivance, and it is specially prohibited. But not so as to the keno table; this is denounced under the general prohibition of all contrivances set up for the purposes of gambling, and, not being named, some averment showing it to be within this general prohibition is essential."

In our opinion, therefore, the charge in the indictments in these cases that each of the defendants set up, exhibited and kept a faro bank is all that, in the meaning, or according to a grammatical construction of the statute, is required to make a complete offense, and any more would be useless amplification. Consequently, the demurrers to the indictments were properly overruled.

But March 25, 1886, which was after the indictments in these cases were found, though before the

judgments appealed from were rendered, an act of the General Assembly, entitled "An act to amend article 1 of chapter 47, entitled 'Gaming,' of the General Statutes," was passed and approved. By that act the section we have been considering was so amended as to make the offenses therein described felonies instead of misdemeanors, and fixing the punishment in each case at confinement in the penitentiary not less than one nor more than three years, instead of confinement, at the discretion of the jury, in the county jails not more than one year.

Section 6 of that act is as follows: "All acts and parts of acts in conflict with this act are repealed," and by section 7 it is provided the act shall take effect from its passage.

It is, therefore, contended that the law under which appellants were convicted has been repealed, and as a consequence no judgment can now be rendered against them.

It has been often and uniformly held by this court that no judgment of conviction can be rendered for a violation of a criminal law which has expired or been absolutely repealed before judgment. And, without question, if section 6 of the act of March 25, 1886, be interpreted literally, and without reference to the legislative intent or the true reason for the passage of the act, or the nature and effect of other existing statutes, the law under which the judgments in these cases were rendered must be regarded as repealed, without any limitation of the effect of such repeal.

But at the time the act of March 25, 1886, was passed, section 23, chapter 21, of the General Statutes.

was in full force, which is as follows: "No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings.   If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

If that section remains unrepealed and unaffected, and can be in any sense made applicable in arriving at the legislative intent in the passage of the act of March 25, 1886, it seems to us no argument is needed to show that the law under which appellants were indicted and convicted should be held unrepealed as to the offenses with which they are in those cases charged; for it is in plain and unambiguous terms so provided.

The main question, then, is whether chapter 21, General Statutes, remains in full force, notwithstanding the act of March, 1886.

The repealing section of that act in terms applies to only such acts or parts of acts as are in direct conflict with it; and, in our opinion, it neither does in terms or by implication, nor was intended, to impair the force or in any way affect chapter 21.

282 KENTUCKY REPORTS. [VOL. 84]

Waddell v. Commonwealth. Fleming v. Same. Taylor v. Same.

Both the act of 1886 and chapter 21 being then in full force at the time the judgments of conviction in these cases were rendered, the court has no power to wholly disregard either, but they must be construed together as parts of the same system of law, and reconciled if it be possible.

There are two conclusive reasons showing the Legislature intended to limit the effect of the repealing section of the act of 1886. In the first place, it can not be supposed that the Legislature, by an act passed for the purpose of more effectually suppressing and more severely punishing the offense of gaming, intended to relieve altogether persons then under indictment, and who might be thereafter found guilty of the offense.

In the second place, the provision of section 23, chapter 21, had been in force for many years, had become the settled policy of the State; and in the case of Acree & Kinman v. Commonwealth, 13 Bush, 353, its validity and effect upon subsequent acts of the Legislature had been directly passed on and recognized by this court.

The act of 1886, we think, must, therefore, be presumed to have been passed, and the repealing section thereof adopted, not only in view of the existence of section 23, chapter 21, General Statutes, but with the intent that its effect should be limited thereby.

That section 23, chapter 21, is within the general rule of interpretation requiring existing laws to be interpreted together, is beyond question. (See Bishop on Statutory Crimes, section 179, and authorities there cited.)

In our opinion the law under which appellants were indicted and convicted was not repealed as to the of-

fenses charged in these cases, and as there is no error in the record of either case, the judgment in each must be affirmed, with damages.