CASE 83—PETITION ORDINARY—JUNE 4.

# Commonwealth v. Sherman.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. PROCESS ON AMENDED PETITION.—An action to recover a fine having been instituted in the name of the "State of Kentucky," process upon an amended petition substituting the "Commonwealth of Kentucky" as plaintiff was not necessary.

2. THE JEFFERSON COURT OF COMMON PLEAS has jurisdiction of an action in the name of the Commonwealth to recover a penalty.

3. CONSTITUTIONAL LAW.—Although a statute imposing a penalty be open to constitutional objection because of unlimited discretion in the court as to imprisonment in the case of the non-payment of the fine, that is no obstacle to an action for the penalty, the clause of the statute relating to imprisonment being severable from the remaining part of the statute, which is complete within itself.

4. PENALTIES—REPEAL OF STATUTE.—By the common law a penalty cannot be enforced unless the law imposing the penalty is in force at the time of the trial, but this rule has been changed by statute in Kentucky; and although a statute imposing a penalty may have been repealed, the penalty may still be enforced as to offenses committed prior to the repeal.

Commonwealth v. Sherman.

P. W. HARDIN, ATTORNEY-GENERAL, AND HELM & BRUCE FOR APPELLANT.

1. The Jefferson Court of Common Pleas had jurisdiction.

As the offense was not indictable, the Jefferson *Circuit Court* did not have jurisdiction. (Acts of 1876, vol. 1, p. 19.)

Jurisdiction of an action to recover a fine is not confined to courts having criminal jurisdiction. (Civil Code, sec. 63; Gen. Stats., chap. 29, art. 1, sec. 27; Commonwealth v. Avery, 14 Bush.)

2. Even though the forty-eighth section of the insurance act be unconstitutional in so far as it gives unlimited discretion as to the power of imprisonment, that is a question which can be raised only when that part of the section is sought to be enforced. A law may be constitutional in part and unconstitutional in part, and the unconstitutional part may be disregarded and the remainder enforced. (Cooley's Const. Limit., side page 177; Commonwealth v. McClelland, 83 Ky.)

Other authorities cited at close of brief: People v. Stevens, 13 Wend.; Waddell v. Commonwealth, 8 Ky. Law Rep.; Acree & Kinman v. Commonwealth, 13 Bush, 353.

W. P. D. BUSH FOR APPELLEE.

1. Process on the amended petition was necessary (Newman's Pleading and Practice, pp. 697-698), and none having been issued, the judgment was void, and no appeal can be prosecuted therefrom until there has first been a motion in the lower court to set it aside.

2. So much of the insurance act as authorizes such actions as this to be brought in the name of the *State of Kentucky* was repealed by the Criminal Code, which took effect January 1, 1877. (Criminal Code, secs. 1, 2, 3, 4, 5 and 11.)

3. The Jefferson Court of Common Pleas did not have jurisdiction of such *penal* actions as this under the insurance act. But even if it be conceded that it did have jurisdiction under that act, it was wholly deprived thereof by subsequent legislation. (Criminal Code, sec. 13, subsec. 3; act of April 19, 1884.)

4. When a remedy is given by statute in a particular action in a particular court, it is a virtual exclusion of all other modes in any other court. (Howard v. K. & L. M. Ins. Co., 13 B. M., 285; Johnston v Louisville, 11 Bush, 533; Russell v. M. H. C. & C. T. P. R. Co., 13 Bush, 307), and, therefore, the act of April 19, 1884, deprived every other court, except those specified therein, of all the jurisdiction it had, if it had any, for the enforcement of the penalty provided by that act.

5. As the act of April 19, 1884, was in force at the time the proceedings in this case were had, they should have conformed to the provisions of that act. (Gen. Stats., chap. 21, sec. 23.)

6. After the act of April 19, 1886, took effect, repealing all laws incon-

sistent therewith, *no court whatever* had jurisdiction to enforce or render judgment for the penalty sued for in the petition herein.

7. The fact that said repealing act of April 19, 1886, was passed subsequent to the rendition of the judgment complained of, or during the pendency of the appeal herein, is immaterial, as the court is bound to decide this case according to the law as it now exists. (Cooley's Const. Limit., 5th ed., top pages 471, 470 and note; Sedgwick on Stat. & Const. Law, pp. 129-131; Commonwealth v. Cain, 14 Bush, 525; Speckert v. City of Louisville, 78 Ky., 287.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The act of the Legislature, entitled "An act for the incorporation and regulation of life insurance companies," approved March 12, 1870, provides:

"Sec. 42. Every person who shall transact any business as an agent of any life insurance company without first procuring the license required in this act, or who knowingly procures payment, or any obligation for the payment of any premium for insurance by fraudulent representations, or after revocation of his license, shall be punished by fine not exceeding one thousand dollars.

"Sec. 48. Every fine, penalty or forfeiture for any neglect of duty or violation of the provisions of this act shall be *sued for* in the name of the *State of Kentucky* by the Attorney-General or prosecuting attorney of the district or county in which the company or agents so violating shall be situated, when no other provision is made by this act; and one-half of such penalty, when recovered, shall be paid into the Treasury of the Commonwealth, and one-half to the informer of such violation, other than an officer whose duty it is to enforce the law; and in case of the non-payment of such penalty, fine or forfeiture, the officer or agent of any company so offending and guilty of neglect or mal-

feasance, shall be liable to imprisonment for a period not less than six months, in the discretion of the court having cognizance thereof."

This action was instituted by the Attorney-General June 1, 1883, in the Jefferson Court of Common Pleas, in the name of the State of Kentucky, and against the appellee, Ward B. Sherman, to recover a judgment for one thousand dollars for an alleged violation of this law.

A demurrer to the petition was presented, upon the ground, first, that the court had no jurisdiction; and second, that the plaintiff had no legal capacity to sue. It was sustained upon the last-named ground; and the appellant then amended by inserting the Commonwealth of Kentucky as the name of the plaintiff. Thereupon, the court sustained the demurrer upon the first ground, and dismissed the petition.

Authority was expressly given by the section last cited to sue in the name of the "State of Kentucky." It is said, however, that this was repealed by section 11 of the Criminal Code, which took effect January 1, 1877, and which is as follows:

"A public offense, of which the only punishment is a fine, may be prosecuted by a penal action in the name of the *Commonwealth of Kentucky*, or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in penal actions are regulated by the Code of Practice in civil actions."

The Constitution provides that the style of all process shall be "The Commonwealth of Kentucky." By the amendment, however, the plaintiff was so styled;

vol 85—44.

and this was but a correction of what was at most but a mistake in the name of the party. It was not the substitution of a new and different person as plaintiff, but merely gave the formal statutory name of the party as prescribed by the Code. The words "State" and "Commonwealth" are used interchangeably by the Legislature and the judiciary; and admitting that it was necessary, yet it did nothing more than give truly the name of the person intended to be stated.

Process on the amendment was, therefore, unnecessary. Moreover, the court, after it was filed, acted, as must be presumed, by the consent of the appellee, upon the demurrer to the jurisdiction of the court; and it results that, although the suit was brought in the name of the State, yet as the correction related merely to the name of the party, the Commonwealth can now question the judgment below by this appeal.

It is earnestly urged, however, that the court of common pleas had no jurisdiction upon the ground that this is a *penal* action.

Section 48 *supra* merely provides that the fine may be "*sued for*," without naming the court in which it may be done; and the argument against the jurisdiction is based upon the third subsection of section 13 of the Criminal Code, which says:

"The circuit courts shall have general jurisdiction for the trial of all prosecutions and penal actions, unless exclusive jurisdiction be given to other courts."

Presumably, the lower court sustained the demurrer to the jurisdiction upon the idea that the action was in the nature of a criminal proceeding, being for a fine, and that a court having only civil jurisdiction could not entertain it.

Section 63 of the Civil Code provides, however, that an action may be brought in the county where the cause or some part thereof arose :

"1. For the recovery of a fine, penalty or forfeiture imposed by a statute." * *

These two provisions of the Code were substantially contained in the old Code ; and yet this court, in 1879, upon a cause of action arising in 1875, and in the case of the Commonwealth v. Avery, 14 Bush, 625, which was an appeal from the Jefferson common pleas court in an action to recover a forfeiture, sustained its jurisdiction.

Undoubtedly, the Legislature may authorize a civil action to be maintained for a forfeiture. It has, in this instance, said that it may be "*sued for* in the name of the State of Kentucky." Moreover, as we understand the law, the jurisdiction of the Jefferson Circuit Court is confined by special statute to indictable offenses, save cases may be transferred to it by the common pleas court.

If the act of 1870 be open to constitutional objection, because of unlimited discretion in the court as to imprisonment in case of the non-payment of the fine, yet that question is not now presented, because this is a *qui tam* action for the penalty merely, and the clause of the statute relating to imprisonment is severable from the balance of the section, the latter being complete within itself, and capable of execution in accordance with the legislative intent.

It does not appear, nor is it admitted, that the appellee, Sherman, is the agent of a company furnishing life insurance upon the *assessment* plan; and as the act of

April 19, 1884, was confined to companies of such character, it can not be called to his aid, as this record is presented, as repealing the act of March 12, 1870.

An amendment to the latter act was, however, passed by the Legislature on April 19, 1886, providing that the penalty for its violation should be a fine of "not less than fifty nor more than one hundred dollars, and shall be imprisoned until such fine shall be paid or replevied; and jurisdiction is hereby given and conferred upon justices of the peace, police, city and county court judges for the trial of said misdemeanor and the enforcement of the penalty herein imposed : *Provided*, That no one convicted under this act shall be imprisoned longer than fifty days in default of payment of the fine. That all laws and parts of laws inconsistent with the provisions of this act are hereby repealed."

It is charged that the alleged violation of the law by the appellee, Sherman, occurred in 1883. By the common law, a person is not liable to the infliction of a penalty unless the offense is unlawful, or the law imposposing the penalty in force at the time of the trial, as well as at the time of the commission of the unlawful act. If the statute under which the proceeding was instituted has been repealed, then no judgment can be had enforcing the penalty. The repeal of the law is itself a remission ; and Judge Cooley says :

"And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered." (Cooley's Const. Limitations, 477.)

This rule has, however, been changed by statute in this State. Section 23 of chapter 21 of the General Statutes, the title of which is "Construction of Stat-

Commonwealth v. Sherman.

utes," provides: "No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." (Acree & Kinman v. Commonwealth, 13 Bush, 353.)

This rule of construction must be considered as a part of every law repealing a former one by which a penalty was imposed; and it results that a law still remains to be vindicated as to offenses committed prior to the repeal by the subsequent act of the Legislature. It must be considered as having had in view this statutory rule of construction when it passed the act of April 19, 1886; and there is no provision in it indicating that the repeal provided by it was to affect any prosecution then pending under the former law, or that offenses theretofore committed should not be punished by it. The repealing act can have no further effect as to offenses previously committed, save, in case of guilt, to mitigate the punishment by the consent of the accused; and only repeals all former laws inconsistent with it as to offenses subsequently committed.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.