CASE 89—INDICTMENT—DECEMBER 6.

# Commonwealth v. Duff.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. INDICTMENT—MAKING UP FRAUDULENT POLL-BOOK.—Under an indictment against the clerk of an election for making up a fraudulent poll-book by a false entry of votes actually cast and recorded, it is not material whether the persons whose votes he thus entered were or not legally registered voters.

2. SAME—MISJOINDER.—Thus making up a fraudulent poll-book is a single offense, whether consisting of the false entry of one or more votes, or of votes for one or more candidates for office, and no question of misjoinder of offenses arises in this case.

3. SAME—MUNICIPAL CORPORATIONS.—The laws of the State operate within the limits of municipal corporations, and upon the inhabitants of the same, as elsewhere, unless it is otherwise clearly provided in the charter or by some statute of the State.

Commonwealth v. Duff.

Article 12, chapter 33, of General Statutes, the title of which is "Penalties Against Frauds on Elections," applies to municipal as well as State elections.

4. SAME.—The General Council of the city of Louisville has no power to provide by ordinance for the punishment of offenses committed by officers of municipal elections. A general grant of power should not be held to confer authority upon a municipal corporation to make an ordinance punishing an act which is made punishable as a criminal offense by the laws of the State.

5. REPEAL OF STATUTES.—The repeal of a statute does not terminate pending prosecutions for offenses committed under the statute, unless such appears to be the legislative intent. And this rule applies whether the repealing statute is local or general in its character.

The "Wallace election law," applicable to the city of Louisville, did not terminate this pending prosecution against appellant, under section 5, of article 12, chapter 33, of General Statutes, for making up a fraudulent poll-book as clerk of a municipal election in the city of Louisville.

P. W. HARDIN AND B. F. BUCKNER FOR APPELLANT.

1. The provisions of the General Statute prescribing penalties for bribery and forgery of poll-books, apply as well to the election of municipal officers as to State, county, and district officers. (Dillon on Municipal Corporations, sec. 367; March v. Commonwealth, 12 B. M., 25.)

2. The Wallace act is expressly prospective in its operation, and does not affect any penalty incurred prior to its adoption, and does not expressly or by implication repeal the general law as to its continuous application to the offenses not provided in the Wallace act. (Gen. St., chap. 21, sec. 23, and chap. 33; 1 Dillon on Municipal Corporations, sec. 88.)

AARON KOHN FOR APPELLEE.

1. Section 5, article 12, chapter 33, General Statutes, prescribing a penalty for making fraudulent poll-books, does not apply to municipal elections. (Boyd v. Chambers, 78 Ky.; Buckner v. Gordon, 81 Ky., 665; Hammack v. Barnes, 4 Bush, 391; Moore v. Commonwealth, 7 Ky. Law Rep., 152; Ex parte Strahl, 16 Iowa, 396.)

2. A city ordinance passed within the charter power, operates within the corporate limits to the repeal of any general law within those limits. (State v. Morristown, 3 N. J. L., 57; State v. Brannin, 3 Zabr., 484; State v. Clark, 1 Duchu., 54; Walworth v. Village, 17 Wis.; Blaine v. Bailee, 25 Ind., 165; Magruder v. State, 40 Ala., 347.)

3. The municipal law being in force at the time of the passage of the general law which does not expressly, or by implication, repeal it, it remains in force. (Commonwealth v. Weller, 14 Bush, 224; Com-

monwealth v. Cain, 14 Bush, 525; Johnsberry v. Thompson, 59 Vt.,
301; State v. Liston, 9 Humphy, 603.)

4. When a statute provides a punishment for an offense and a subsequent
statute changes the character or manner of punishment, the latter
operates to repeal the former as to the infliction of any punishment
under it. (Wilson v. The O. & M. R. R. Co., 63 Ill., 543; Hickman
v. Littlepage, 2 Dana, 345; Gorman v. Luckett, 6 B. M., 154; Com-
monwealth v. Speckert, 78 Ky., 289.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal by the Commonwealth from a
judgment sustaining a demurrer to, and dismissing, an
indictment against appellee for the crime of making
up a false and fraudulent poll-book of an election for
Mayor and General Council of the city of Louisville,
charged to have been committed in the following man-
ner: That he, being duly appointed and qualified to
act as clerk of said election at a certain designated
precinct, and requested by qualified voters, whose
names are set out, to record their several votes for ——
Avery, who was then a candidate for the office of may-
or, willfully, falsely and feloniously recorded them for
——Jacob, who was also then a candidate for said office
of mayor; and that in like manner, and with like
intent, he recorded the several votes of said persons
in favor of —— Bohn, a candidate for the office of
councilman, when they had requested him to record
them for —— Miller, a candidate for the same office.

A general demurrer to the indictment, filed in De-
cember, 1887, was overruled ; but in February, 1888,
another demurrer was filed, the cause of which, as
stated, is that the court had no jurisdiction to try the
case, as after the indictment was returned the law
upon which the prosecution is based was repealed by

the General Assembly without any saving clause as to pending prosecutions, and that demurrer was sustained. The offense for which appellee was indicted is described by section 5, article 12, chapter 33, General Statutes, which provides that any officer who shall make, or aid in making, or authorize the making up of any false or fraudulent poll-book or certificate of an election or election return, shall be confined in the penitentiary from one to five years, forfeit any office he then holds, and be disqualified from holding any office.

1. As the offense charged was alleged to have been committed by him as clerk of the election in making a false entry on the poll-book of votes actually cast and recorded, and not for recording illegal or refusing to record legal votes, about neither of which he had any legal discretion, it is not material whether the persons whose votes he thus entered were or not legally registered voters.

2. Making up a fraudulent poll-book in the mode described in the indictment is a single offense, whether consisting of the false entry of one or more votes, or of votes for one or more candidates for office, and no question of misjoinder of offenses arises in this case.

3. It is contended that as the alleged offense was committed by an officer of a municipal election, the statute we have quoted has no application.

If that position be correct, there exist no regulations for securing free and fair municipal elections in the city of Louisville, unless they have been adopted by the General Council; but even if the power to make the necessary regulations could be

delegated by the General Assembly to the municipal legislature, it has not been done by the city charter, nor can the existence of such power be implied. ·

"The laws of the State operate within the limits of municipal corporations, and upon the inhabitants of the same, as elsewhere, unless it is otherwise clearly provided in the charter or by some statute of the State, and unless so provided, in case of conflict between *laws* and *by-laws*, the latter must give away." (Dillon on Municipal Corporations, sec. 367.)

"A general grant of power, such as authority to make by-laws for the good government of the place and the like, should not be held to confer authority upon the corporation to make an ordinance punishing an act which is made punishable as a criminal offense by the laws of the State." (Ibid., sec. 368.)

As said by this court in March v. Commonwealth, 12 B. M., 25, the presumption can not be indulged that the Legislature intended that an ordinance passed by the city council should be superior to, and take the place of, the general law of the State upon the subject.

As, therefore, the General Council of the city of Louisville neither possesses, nor, so far as this record shows, has attempted to exercise the power of providing by ordinance punishment for offenses committed by officers of municipal elections, they are not punishable at all, if not by the general law of the State; and inasmuch as the power to regulate elections of officers of towns and cities is expressly given to the General Assembly by section 6, article 6, of the Constitution, and the duty of prohibiting, under adequate penalties, all undue influence on elections from power,

bribery, tumult or other improper practices, is expressly enjoined by section 4, article 8, we must presume it was intended that article 12, chapter 33, General Statutes, the title of which is "Penalties Against Frauds in Elections," should apply to municipal as well as State elections; otherwise the operation of that statute, obviously intended to be general, must, without reason and in disregard of a well established rule of construction, be so restricted that offenses made felonies, when committed by officers of State elections, shall not be punishable at all when committed by officers of town and city elections.

4. It being to us clear the statute was intended to apply to the offense with which appellee is charged, the question arises on the demurrer, sustained by the lower court, what effect, if any, the act entitled "An act to regulate municipal elections in the city of Louisville," approved February 24, 1888, had on the pending prosecution against him.

The rule was, formerly, that the repeal of a statute terminated all proceedings under it, whereby persons guilty of crime often escaped punishment. To remedy that evil the following provision, being section 23, chapter 21, was made part of the General Statutes, as it had been of the Revised Statutes : "No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right

accrued or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the law in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such proceeding may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

The purpose of that section, as plainly indicated, is to limit the consequences of repealing statutes, and, as has been held by this court, it should be construed in connection with such statutes, unless contrary to the manifest intent of the Legislature. (Acree v. Commonwealth, 13 Bush, 353 ; Waddell v. Commonwealth, 84 Ky., 276.)

The first of those cases was where pending an indictment for selling spirituous liquor at the residence of the defendant, who was a distiller, the law was so changed as to make the sale at his residence thereafter lawful. But it was held that as the sale made at that place was unlawful when the indictment was found, he could not escape by reason of a change of the law after the offense was committed.

In the latter the offense charged was setting up and keeping a faro-bank. But after the indictment was returned, an act was passed making the offense a felony instead of a misdemeanor ; section 6 thereof being as follows : "All acts or parts of acts in conflict with this act are repealed." Nevertheless, it was held that construing section 23, chapter 21, in connection with that act, as it was intended should be done in all such cases, the statute under which the defendant

had been indicted was unrepealed as to that offense, and he was still liable to the punishment therein prescribed.

The same ruling has been made in the case of Commonwealth v. Sherman, 85 Ky., 686

By the act to regulate elections in the city of Louisville, which we are now considering, it is provided that thereafter, in all municipal elections, the votes shall be given by ballot instead of *viva voce*, the effect of which has been to dispense with the use of poll-books, and as a consequence, the offense of fraudulently making up poll-books can not be committed under that act. But to decide the act has repealed article 12, chapter 33, as to the offense appellee is charged to have committed against it, would be, we think, a violation of the rule of construction prescribed by section 23, chapter 21, and in the face of the ruling of this court in the cases cited.

But it is contended that section does not apply to the act in question, because it is a local law. By the terms of section 23, chapter 21, *all* repealing statutes are comprehended, and even if the language there used permitted, we see no reason for excepting local laws from its application, especially when, as in this case, the effect would be to render the General Statutes relating to felonies heterogeneous and complicated.

It seems to us that, as it is never to be presumed the Legislature intended to condone public offenses already committed, the rule should be applied to each repealing statute, whether local or general in its character, where it would otherwise operate to terminate pending prosecutions for public offenses, and set the

persons charged free without a trial. Moreover, when we consider that the purpose of the act is to more effectually prevent the commission of offenses of the same character as the one with which appellee is charged, it becomes manifest it was passed in view of and with the intent its repealing effect should be limited by the rule of construction mentioned. For it is expressly provided that the penalties prescribed in article 12, chapter 33, and as far as applicable in article 13, and the proceedings therein authorized, shall apply to elections as regulated by the act, and as therein explained and modified

The cases cited are the only ones decided by this court that have any application to the question before us, and it is unnecessary to refer to any others.

We think the lower court erred in sustaining the demurrer and dismissing the indictment, and the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.