CASE 77—INDICTMENT—DECEMBER 21.

# Wooten v. Commonwealth.

### APPEAL FROM CALDWELL CIRCUIT COURT.

REPEAL OF STATUTE—EFFECT AS TO OFFENSE ALREADY COMMITTED.—Section 465 of the Kentucky Statutes, which provides that "no new law shall be construed to repeal a former law as to any offense committed against the former law," was not intended to apply where a local statute, which prohibits an act not *malum in se* nor in contravention of the general policy of the law, has been repealed by another statute likewise local in character. Therefore an act prohibiting the sale of liquor in a particular county having been repealed as to a town within the county by a vote under the general local option law, that repeal operates, by virtue of the common law rule, to exempt from punishment persons who had violated the law prior to its repeal.

A. H. CLARK AND JNO. FELAND FOR APPELLANT.

The repeal of a criminal statute leaves the court without authority to inflict punishment for its violation while in force, unless such law, by its own terms, provides for the infliction of such punishment after its abrogation. And this rule of construction applies as well to the local option law as to any other criminal statute. (Commonwealth v. Cain, 14 Bush, 525; Speckert c. City of Louisville, 78 Ky., 287; Waddell v. Commonwealth, 84 Ky., 276; Commonwealth v. Duff, 87 Ky., 586.)

WM. J, HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

A repealing act speaks from the date of its passage, unless another date is fixed by the act itself. And this rule is not altered by the fact that the repeal depended upon a vote of the people to be affected by the law.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

June 10, 1893, two indictments were found against Thos. Wooten for selling intoxicating liquor on March 2 and March 18, 1893, in violation of "An act to prohibit the sale of intox-

icating liquor in Caldwell county, and providing for a vote on same," approved March 18, 1886.

At the trials, both of which took place June 5, 1894, there was a verdict of guilty in each case, and the court, having under the statute no discretion, rendered judgment in each for a fine of $300 and imprisonment in the county jail fifty days, making in the two cases an aggregate of fines of $600 and duration of imprisonment one hundred days.

The verdicts must be considered supported by sufficient evidence, because it was proved appellant sold liquor in the town of Princeton on two occasions during March, 1893, as charged. But the parties agreed, on both trials, that in pursuance of "An act whereby the sense of the people of any county, city, town, district or precinct may be taken as to whether spirituous, vinous or malt liquors shall be sold, bartered or loaned therein," approved August 6, 1892, the statute of May 18, 1886, was, on May 28, 1893, by vote of the people, repealed so far as it related to or affected the town of Princeton, within the corporate limits of which the evidence shows the alleged sales of liquor were made by him.

As then the statute of May 18, 1886, though in force throughout Caldwell county when appellant committed the two offenses charged, had been repealed and become inoperative within the town of Princeton before he was either indicted or tried therefor, the lower court was without jurisdiction to render the judgments mentioned and now appealed from, if the rule that "the repeal of the law imposing a penalty is itself a remission," be applicable in these cases.

It, therefore, becomes necessary to determine whether that rule was intended to be wholly abrogated by section 465, Kentucky Statutes, as follows: "No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty,

forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such proceedings may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

Practical application of the theory that after the repeal of the statute imposing a penalty no law exists which provides for or authorizes enforcement of it would, in case of inadvertent omission of a saving clause from the repealing statute, often result in failure of justice by reason of escape from punishment of persons guilty of crimes. Section 465 Kentucky Statutes, originally section 23, chapter 21, Revised Statutes, and afterwards section 23, chapter 21, General Statutes, was, therefore, adopted and continued as a statutory rule of construction, whereby to limit consequences of repeal, and has in several cases been applied by this court.

Acree & Kinman v. Commonwealth, 13 Bush, 353, was the case of distillers selling whisky by the quart at their place of residence during existence of a statute making the sale thereof at another place than their distillery unlawful and punishable; and notwithstanding such sale was, by a repealing statute, enacted before finding of the indictment against them, made lawful at the residence of a distiller and unlawful at his distillery, it was held the defendants in that prosecution could not escape by reason of a change of the law after the offense was committed, being only entitled to

the benefit of any mitigated punishment provided by the new law. That decision was put upon the ground that section 23, chapter 21, General Statutes, had changed the common law rule that a person can not be convicted of a penal offense unless the act be unlawful at time of indictment and trial.

In Waddell v. Commonwealth, 84 Ky., 276, appellant was indicted for the offense of setting up and keeping a faro bank, made by a statute then existing a misdemeanor. But after the indictment was found against him, though before trial and judgment, such offense was, by a repealing statute,, made a felony. Nevertheless it was held that the repealing section of the new law must be presumed to have been adopted by the legislature, not only in view of section 23, chapter 21, General Statutes, but with the intention that its effect should be limited thereby.

Commonwealth v. Sherman, 85 Ky., 686, was an action by appellant to recover of appellee, under a statute of 1870, a penalty for transacting business as an agent of an insurance company without first procuring the required license. That statute was, however, repealed before the trial of the action by another, which prescribed for a like offense a less penalty. But it was held that the repealing statute had no other effect as to offenses committed in violation of the previous law than to mitigate the punishment.

In Commonwealth v. Duff, 87 Ky., 586, appellee was indicted for the crime of making up a false and fraudulent poll book of a municipal election held in Louisville. But pending the prosecution a statute was adopted by which at future municipal elections held in that city votes should be cast by secret ballot instead of *viva voce*, effect of which was to dispense with further use of poll books and render commission of the spe-

cific offense of making up a false and fraudulent poll book of a municipal election there held impossible. Yet section 23, chapter 21, General Statutes, was held to be applicable and operate in limiting consequences of that repealing statute so far as to leave the accused still liable to punishment for the particular offense charged.

The two cases of the Commonwealth v. Cain, 14 Bush, 525, and Speckert v. City of Louisville, 78 Ky., 287, seem to have been decided without regard to what is now section 465, Kentucky Statutes.

In the first Cain was indicted in 1878 for appropriating to his own use in 1868, and while cashier, funds of the Louisville Gas Company, which act was a felony in virtue of section 24 of its charter that expired January 1, 1869. It was, however, argued for the Commonwealth that a statute extending the charter, which took effect on that day, operated to continue in force section 24. But this court held the entire original charter, including that section, expired by its own terms January 1, 1869, and that applying the common law rule no authority was preserved to the courts to punish, after its expiration, for offenses committed in violation of it. It necessarily followed from that ruling that section 20, chapter 21, Revised Statutes, could not be applied to the case, except retroactively, because not adopted until 1852. .

In the other case a fine was imposed on Speckert for violating an ordinance of the city of Louisville, providing "no coffee-house keeper shall sell liquor on Sunday;" but pending appeal the parties agreed on record that the ordinance had been, subsequent to judgment against him, repealed. And thereupon this court, holding that the case should be disposed of under the law then in force, reversed the judgment on the principle that repeal of a penal statute puts an end to all proceedings under it. It is enough to say of

that case that the statutory rule in question was not, nor need have been, referred to, because it relates to a repealing statute of the State, not to a municipal ordinance that repeals another.

It will be, however, observed that this court has so far applied the rule to repealing statutes of only public character, and when the general policy of law manifestly required it done. Thus general laws for the suppression of gambling and prevention of fraud in elections are everywhere deemed essential to the general welfare, and have been consistent and continuous in this State, and the same may be said of license taxation. Consequently, it can not be reasonably presumed a new law on such subject was intended by the legislature to repeal the former as to any offense committed against or penalty incurred under it, and to prevent it being so construed by the courts the statutory rule in question was made permanent and prospective.

It does not seem to us that section 465, as it now stands, was designed to apply where a local statute, which prohibits an act not *malum in se* nor in contravention of the general policy of law, is repealed by another, likewise local in character. For a local penal statute is exceptional, often contains provisions not in accord with the reason or spirit of the general law, and, when relating to the sale of spirituous liquors, is made subject to modifications or repeal outright, according to varying wishes of those within the circumscribed boundary, without at all affecting or concerning the general public. And that such restricted application was intended the plain purpose of that act shows, and is also fairly inferable from the language used, for that provision giving to the party affected the benefit of such mitigation of penalty, forfeiture or punishment under the former law as may

be prescribed by the new law was manifestly made in contemplation of continued existence of a general law on the same subject.

Repeal of the statute of March 18, 1886, under which appellant was indicted, made what was before wholly prohibited in the town of Princeton lawful, or at least permissible, when duly licensed. But that repeal being absolute, there was no new law substituted in virtue of which appellant could have the benefit of mitigated punishment; so that if section 465 be applied to this case he must suffer the full punishment provided by a statute no longer in force when the act was committed, although that punishment is very much more severe than can now be inflicted for like offenses under any existing general or other law governing that town. It is not to be supposed the legislature intended that section to apply to any case like this, where it would operate so unequally or oppressively, but rather that the common-law rule should control.

It, therefore, results appellant could not be tried or punished after repeal of that statute for the alleged offenses. And judgment in each case, they being heard together, is reversed for dismissal of the prosecution.