CASE 61—INDICTMENT FOR SELLING LIQUOR—OCTOBER 8.

# Jones v. Commonwealth.

APPEAL FROM HART CIRCUIT COURT.

1. LOCAL OPTION—ELECTION—MAJORITY VOTING ON SALE.—Under the act of March 26, 1886, to prohibit the sale of liquors in Hart county, which was only to become operative upon receiving a majority of the votes cast at the regular election on the first Tuesday in November, 1886, a majority of those voting on that question was sufficient to prohibit the sale.

2. INDICTMENT—MULTIFARIOUSNESS.—An indictment under that act is not multifarious in charging the defendant with selling spirituous, vinous and malt liquors.

3. INTOXICATING LIQUORS—BITTERS.—It was a question of fact under the evidence whether the bitters described in the evidence was a spirituous liquor.

4. REPEAL OF ACT.—On the trial of such an indictment the de-

Jones v. Commonwealth.

fendant was not entitled to the mitigated penalty denounced by the act of March 15, 1898, because the indictment was returned and the defendant tried before that act became operative, the case being after the approval of the act, but before the lapse· of ninety days after the adjournment of the General Assembly.

CRADDOCK, CONYERS & EDWARDS for appellant.

1. The demurrer to the indictment should have been sustained.

    (1) Because of duplicity.  Crim. Code, secs. 126, 127, 165, 168.

    (2) Because not direct and certain.  Crim. Code, sec. 124.

2. Incompetent evidence, viz.:  Certificate of the county court, was· admitted.

3. Competent evidence was rejected.

    (1) As to whether the act was ratified and ·approved or not... Acts 1885-86, vol. 1, pp. 1061-2;  Young v. Com., 14 Bush, 161; Neighbors v. Com., 10 Ky. Law Rep., 594;  Belknap v. City of Louisville, 93 Ky., 444;  18 Ky. Law Rep., 313;  Everet v. Smith,.. 22 Min., 53;  25 O. S., 618;  People v. Wiant, 48 Ill., 263;  State v. Winkelmier, 30 Mo., 103.

4. A peremptory instruction should have been given to find defendant.. not guilty.

    (1) Because it was not shown that a majority voted for the act.

    (2) Because it was not proved that the County Court ordered. the notices posted or that an election was ever held.

    (3) Because it was not proved that an election was held in.. 1896 or at any time.

    (4) Because it was not proved that defendant had no license... Clark v. Com., 16 B. M., 206;  Com. v. Magowan, 1 Met., 368.

5. The instructions given were erroneous.

H. L. JAMES on same side.

    The law under which the appellant was convicted has since·· been repealed and changed.  Acts of 1898, chap. 30, p. 84;  Speck– ert v. City of Louisville, 78 Ky., 287;  Cooley's Const. Lim. (4th. ed.), p. 477.

W. S. TAYLOR, Attorney-General, for appellee.

1. The indictment contained but one offense.  Crim. Code, sec. 122...

2. A majority voting against the sale of liquor was sufficient.  A ma-·· jority of those participating in the general election was unnec-· essary.

3. The officer's certificate of the election was conclusive.  Ky. Stat.,
   sec. 3760; Young v. Com., 14 Bush, 161.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

This prosecution is under an act approved March 26,
1886, to prohibit the sale of spirituous, vinous and malt
liquors in Hart county.   The act was not to take effect or
be in force until it was ratified and approved by a majority
of the votes cast at an *election* to be held at the regular
election on the first Tuesday in November, 1886.   The elec-
tion was held on the day named in the act, as shown by
the certificate which was made, and the returns of the
officers of the election who were required by law, to com-
pare the polls and certify the result, show that a majority
of the votes cast on the question as to whether the act
should go in force were for it.   The appellant sought to
impeach that certificate by offering to prove that, at the
regular November election in 1886, such number of votes
were cast for candidates at that election, which showed
that the votes cast to put the act in force was not a
majority of those voting at the election, not the election
on the question as to whether the act should go in force,
but at an election held for the purpose of electing certain
officers.   There was no effort made to show that a major-
ity of those voting upon the question as to whether the act
should go in force did not vote therefor.   The language of
the act (Acts 1885-86, p. 1061) clearly shows that a majority
of those who might vote at the *election* held at the regular
election in November, 1886, could ratify and put in force
the act.   The third section of the act provides that a
majority of votes cast at the *election* provided for should
put the act in force.   The fourth section of the act pro-
vides that an "*election* shall be held" at the November
election, 1886.   Whilst the election to take the sense of the

voters on the question as to whether the act should be put in force was required to be held on the same day that the regular election was held, still the language of sections 3 and 4 refers to an election separate and distinct from the regular election.   We are therefore of the opinion that the evidence which the plaintiff offered was incompetent, and that a majority of those who voted upon the question could ratify and put in force the act.

The indictment charges that the defendant sold spirituous, vinous, and malt liquors in Hart county, etc.   It is contended that it charges three offenses, because it charges that the appellant sold spirituous, vinous, and malt liquors.   It is also claimed that they are three offenses that can not be united, because of the provisions of sections 126 and 127 of the Criminal Code of Practice.   Without going into a discussion of the question as to whether or not, as an original question, this court should have given an interpretation to the sections of the Code, as insisted by counsel for appellant, it is sufficient to say that this court in hundreds of cases has treated and regarded as valid indictments charging defendants with having sold spirituous, vinous, and malt liquors.   The court therefore regards the question raised by counsel as settled adversely to his contention.

We think the testimony introduced by the Commonwealth was sufficient to allow the case to go to the jury, to determine whether or not the so-called "bitters" were spirituous liquors.

It is contended that under the act approved March 15, 1898 (Acts 1898, p. 85), prohibiting the sale, barter, or loan of intoxicating beverages in any county, city, town, district, or precinct in which the sale, etc., of spirituous, vinous, and malt liquors is or shall be prohibited in accord-

ance with the local option law, the penalty for its violation is fixed at the sum of not less than $20 nor more than $100 for each offense, and that, if any penalty should be imposed, it should be the one denounced therein. The offense was committed and the indictment returned before the passage of the law in question, and the case was tried on April 15th, one month after the act was approved. There was no emergency clause in the act, and it did not take effect until after the trial and conviction in the court below.

It is claimed that, by reason of the fact that the penalty fixed in this act is less than that of the local act, that section of the local act denouncing the penalty is repealed, and as the act approved March 15, 1898, is in force, the court must take notice of that fact, and that the appellant, if fined at all, should have imposed on him the penalty fixed in the repealing statute. If the offense for which the appellant was indicted was the same as the one for which the act of 1898, supra, denounces a penalty, and the terms of which mitigated the penalty which was imposed by the law in force at the time the offense was committed, still the appellant is not entitled to have imposed the penalty named in the new law. Section 465 of the Kentucky Statutes reads as follows: "No new law shall be construed to repeal a former law, as to any offense commited against the former law, nor as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever, to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force

at the time of such proceedings. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." This section has been construed in the cases of Com. v. Duff, 87 Ky., 586, [9 S. W., 816]; Com. v. Sherman, 85 Ky., 686 [4 S. W., 790]; Waddell v. Com., 84 Ky., 276 [1 S. W., 480]. The section expressly declares that a new law shall not be construed to repeal a former law, as to any offense committed against the former law, etc.; but it provides that, if a penalty be mitigated by any provision of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This latter provision of the statute only applies to a judgment pronounced in the trial court after the new law takes effect. The judgment in this case was pronounced before the new law took effect; hence the defendant would not be entitled, in any event, to have the penalty as mitigated imposed. The judgment is affirmed.