CASE 32—INDICTMENT FOR SELLING LIQUOR—OCT. 26.

## Commonwealth v. Overby.

107  169
f124  553

APPEAL FROM WEBSTER CIRCUIT COURT.

CRIMINAL LAW—LOCAL OPTION.—It is no defense to an indictment for violating the local option law that since the commission of the offense the district has voted in favor of the sale of liquor. (Wooten v. Com., 98 Ky., 468, overruled.)

L. C. FLOURNOY, COMMONWEALTH'S ATTORNEY, FOR APPELLANT.   (W. S. TAYLOR, ATTORNEY-GENERAL, OF COUNSEL.

The doctrine in Dunn v. Com., 16 Ky. Law Rep., 527, is a correct construction of sec. 465 of the Kentucky Statutes; and the case of Wooten v. Com., 17 Ky. Law Rep., 1072, should be overruled.

No appearance for appellee.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellee was indicted for selling spirituous liquors in the town of Dixon in violation of the local option statute there in force.  The indictment was found on December 14, 1898.  On the 28th of January, 1889, a vote was taken in the town of Dixon, under the provisions of the general local option law, on the question whether or not the prohibition law then in force should become inoperative, and

resulted in the affirmative. The case was called for trial on the 15th of April, 1899. The law and facts were submitted to the court, without the intervention of a jury, on these facts, and the indictment was dismissed. The judgment of the court is based on the case of Wooten v. Com., 98 Ky., 468, [33 S. W., 397], where, on substantially a similar state of facts, it was held that the defendant could not be punished.

But that case is in direct conflict with the previous cases of Dunn v. Com., 16 Ky. L. R., 527, [29 S. W., 143]; Com. v. Hoke, 14 Bush, 668; Com. v. Weller, 14 Bush, 218, [29 Am. R., 407],—which were not cited by the counsel on either side, and by some oversight seem to have been overlooked by the court when it was decided. We think the true rule was announced in the earlier cases, and should not be departed from.

After the repeal of a statute no penalty can be enforced for violations of the law committed before its repeal, in the absence of some statutory modification of the common law rule; for the reason that, the act being repealed which imposed the penalty, there is no longer any authority in force warranting its imposition. In other words, the whole statute being repealed, the court, deriving its power to enter judgment only from the statute, is powerless to proceed. But that is not the case before us. The vote of the people under the general local option law does not repeal the local option statute, but only makes it become inoperative thereafter. The vote has no effect upon the past. It simply establishes a change of policy for the future. Kentucky Statutes, section 2554.

In Com. v. Hoke, 14 Bush, 674, this court, by Judge Cofer, said:

"As the vote first taken did not create the local option law, so, also, the second vote did not repeal it. When that statute came from the legislative hand it was a complete law, and it at once went into effect in every part of the State, and will so continue until repealed by the Legislature. It is not a correct use of language to say that the people of any locality adopted or refused to adopt the local option law. The people have no power to do either. The Legislature enacted the law, and in it conferred upon the legal voters of every civil district, town, and city in the Commonwealth power to decide whether liquor should be retailed within such district, town or city, just as it had previously conferred precisely the same power upon county courts and municipal authorities by making the retail sale of liquors without a license unlawful, and then giving them power to grant or refuse license to carry on the traffic. The law which made the selling of liquor by the appellees unlawful has not been repealed, nor has its operation been suspended. Its penalties have not been incurred by those who may have sold liquors in Taylorsville since the last vote, because by the operation of that vote the sale of liquors has not since been prohibited by the local option laws. . . . The law violated by the appellees is still in force, and still declares that the acts of which they are charged were offenses against its provisions, and it denounces the same penalties now that it did then against those who violate it. . . . The people not having legislative power, and the Legislature having no power to vest them with it, they can neither make nor unmake laws. Nor can they impose nor remit penalties. Their action can not retroact so as to relieve those who have violated the law from penalties they thereby incurred."

It seems to us that there is no escape from this reasoning. The Legislature has in fact left to the decision of each local community under which of two policies it will live,—the license system or prohibition,—and has authorized the people to take a vote at certain intervals, and thus change from one system to the other, if they see proper. If a community which has been under the license system votes against the granting of license in the future, this does not relieve from punishment persons guilty theretofore of selling without license. The vote is not retrospective. The purpose is only to give the people an opportunity to regulate the subject according to their wishes, and the effect is to leave past offenses just as they were before the vote was taken. Under either statute the sale of intoxicants without authority of law is punishable. Neither statute is repealed by a vote in any locality, but remains in force as to all acts already done under it, and may be again made operative as to future acts by another vote of the people properly taken.

This conclusion is in accord with the legislative policy of this State, expressed in section 465 of the Kentucky Statutes, which provides:

"No new law shall be construed to repeal a former law as to any offense committed against the former law. . .. . Or in any way whatever to affect any such offense . . . . save only that the proceedings thereafter had shall conform so far as practicable to the laws in force at the time of such proceedings. . . ."

The second vote had no effect on the guilt of appellee, or the power of the courts to punish him for his past offense.

The case of Wooten v. Com., in so far as it expresses a different view, is overruled.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.