Case 42.—PROSECUTION AGAINST JARVIS & WILLIAMS FOR VIOLATING LOCAL OPTION LAW.—April 19.

## Commonwealth v. Jarvis & Williams.

Appeal from Muhlenburg Circuit Court.

W. P. SANDIGE, Circuit Judge.

From a judgment sustaining a demurrer to the indictment the Commonwealth appeals. Reversed.

Indictment—Sufficiency—Selling Intoxicants—Local Option Territory—An indictment which charges that the defendants

Commonwealth v. Jarvis & Williams.

unlawfully and wilfully sold by retail a beverage, liquid mixture, or decoction, which causes or produces intoxication, in territory, in which the sale of spirituous, vinous or malt liquors is prohibited in accordance with the local option law, is good under Kentucky Statutes, sec. 2557a, which prohibits the sale of "any beverage, liquid mixture or decoction of any kind which produces or causes intoxication," in such territory, and it is not necessary to name in the indictment the mixture or decoction that was sold.

N. B. HAYS, attorney general, and C. H. MORRIS for appellant.

The indictment under consideration charges "the offense of unlawfully and wilfully selling by retail a beverage, liquid mixture or decoction, which produces intoxication, in territory in which the sale of spirituous, vinous or malt liquors is prohibited in accordance with the local option law, * * * did unlawfully and wilfully sell by retail to Z. T. Tate a beverage, liquid mixture or decoction, which causes or produces intoxication, in territory in which the sale of spirituous, vinous or malt liquors is now and was at the time of said sale prohibited in accordance with the local option law.

### AUTHORITIES.

Sec. 131, Criminal Code.

JONSON, WICKLIFFE & JONSON for appellees.

### POINTS AND AUTHORITIES CITED.

Cr. Code, sec. 124; Ky. Stats. (1902), sec. 2557b.

1. Indictment defective, because it does not charge "that the act or acts charged were committed in the territory where the said act was in force." (Crigler, &c. v. Commonwealth, 83 S. W., 587.)

2. Also because it fails to charge the acts cumulatively, and uses the disjunctive "or" instead of the copulative "and." (Jones v. Commonwealth, 47 S. W., 328; Raubold v. Commonwealth, 63 S. W., 781.)

3. Also because the indictment in its charge is not direct and certain as to the offense committed, and its failure to state in its charge that the local option law was in force in the territory named at the time of said sale. (Brooks v. Commonwealth, 32 S. W., 403.)

## OPINION BY JUDGE O'REAR—Reversing.

Appellees were indicted and tried under the charge
of unlawfully and wilfully selling by retail a bev-
erage, liquid mixture, or decoction which causes or
produces intoxication, which acts were alleged to have
been committed in territory in which the sale of spir-
ituous, vinous and malt liquors is prohibited in ac-
cordance with the local option law. A demurrer was
sustained to the indictment.

The indictment is drawn in the language of the
statute. Ordinarily, for a purely statutory offense,
as this is, the employment of the language of the
statute is deemed sufficiently explicit and certain to
satisfy the requirements of sec. 124, Cr. Code Prac.
The main criticism made of the indictment is that it
charges one of three offenses by charging them in the
disjunctive. In Jones v. Commonwealth, 104 Ky.,
468; 20 Ky. Law Rep., 651; 47 S. W., 328, it was held
that an indictment charging the accused with selling
"spirituous, vinous and malt liquors" is not open
to the objection that it charges three offenses. In
Rush v. Commonwealth, 47 S. W., 586; 20 Ky. Law
Rep., 775, sec. 2557a; Ky. Stats., 1903, under which
the indictment in this case was framed, was con-
strued. It was there said: "We are of opinion that
the General Assembly intended to, and we so· hold
they did, in passing chapter 30 (Acts 1898, p. 84),
declare that to be an offense that theretofore had been
no offense or had been doubtful." Up to the pas-
sage of that act, which is now section 2557a, there
was no statute in this State punishing the sale of
a liquid mixture or decoction which produced intoxi-
cation, unless it was spirituous, vinous or malt liquor.
Continuing, the court further said: "It is said that
the term 'any intoxicating beverage' would certainly
and necessarily include spirituous, vinous and malt
liquor, even if the other two terms, "liquid mixture

or decoction,'' did not. We do not think it was so intended. The clear meaning and intention of this act was to provide a penalty for the sale in prohibited districts of the various nostrums, bitters, and such like intoxicants sold, and of which it is so difficult to show the ingredients, or whether it comes under the strict definition of spirituous, vinous or malt liquors. This act was to embrace all other intoxicants of a liquid nature.'' It is not necessary, under the statute, to name the decoction or liquid mixture which may produce the intoxication. It is enough if the thing sold is a liquid mixture which produces or would produce intoxication, and is sold in districts where the local option law is in force. The terms ''beverage, liquid mixture, or decoction'' are used interchangeably, each synonomous with the other; all describing the same thing. We are of opinion that the indictment was good under the statute, and that the demurrer should have been overruled.

Therefore the judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings consistent herewith.