WILLIAMSON   Robinson.   We would remark, however, that it does not
*vs*
COMMONWEALTH appear that Smith resisted the motion; and perhaps the
fact that a judgment for costs was rendered against Bron-
ston alone, might authorize an inference to the contrary,
in which case Smith ought not, as between Smith and
Bronston, to be liable for costs occasioned solely by
Bronston.

Wherefore, the judgment is affirmed.

*Caperton* for appellant: *Turner* for appellee.

MISDE-
MEANOR.

*Case 34.*

# Williamson *vs* The Commonwealth.

ERROR TO THE LEXINGTON CITY COURT.

*Lexington.   Powers of corporation.   Penal proceedings.*

Sept. 22.    JUDGE BRECK delivered the opinion of the Court.

The case stated.    THE Clerk of the Lexington City Court issued a war-
rant in the *style* and *name* of the Commonwealth
against Williamson, the plaintiff in error, for a breach
of the peace by an assault and battery; a verdict was
found by a jury for $75 ; judgment thereon was rendered
by the Court, and execution or *capias pro fine* issued,
directing Williamson to be kept in the city work house
until he should perform one hundred and sixty and a
quarter days work, unless he should pay the fine assessed
and costs.

Williamson moved the Court to quash the warrant in
arrest of the judgment, and also to quash the *capias pro-
fine*, all of which motions the Court overruled, and the
case is brought by him before this Court, by writ of error,
for revision.

The questions presented for consideration are,

1st. Whether this Court has jurisdiction to revise a
judgment of this kind from the Lexington City Court.

2d. Whether the proceeding is authorized by law, and
*that* Court had jurisdiction in the case.

This Court has      As to the first question, the constitution provides that
jurisdiction to the jurisdiction of this Court shall be coextensive with

the State, under such restrictions and regulations as may, from time to time, be prescribed by law.

The Legislature has declared that writs of error shall, upon demand of the person applying, be issued as matter of right, except in those cases which may be brought before and determined by the District Courts under the criminal jurisdiction of the said Court, in which cases no *certiorari*, appeal, *supersedas* or writ of error shall be allowed: (1 *Stat. Law*, 130.) This provision is contained in the act of 1796, and how far it limits the jurisdiction of this Court in criminal cases, was fully considered in the case of *Montee* vs *the Commonwealth*, (3 *J. J. Marshall*, 132.) It was held in that case, and in case *Commonwealth* vs *Brown*, (3 *J. J. Marshall*, 597, 6 *J. J. Marshall*, 615,) and in other cases, that this Court had no jurisdiction in a criminal or *quasi* criminal case, unless the punishment for the offence was purely and exclusively penal. In the case of Montee the proceeding was by indictment under the statute, more effectually to suppress gaming, the penalty for the violation of which, was $500, to be enforced by imprisonment. It was held that the imprisonment constituted no part of the punishment, and upon that principle, in that and other similar cases, this Court entertained jurisdiction.

The proceeding in this case is for an offence, the punishment of which is a pecuniary fine, not to exceed one hundred dollars, to be enforced by confinement and labor in the work house of the City of Lexington. Upon the turning point of jurisdiction, it is, therefore, analagous to the case of Montee.

The City Court of Lexington is a judicial tribunal, established by law, with express jurisdiction of the offence in question ; and as we are not aware of any restriction of the revisory power of this Court as to its judgments and proceedings, except so far as restricted by the general law, we are inclined to the opinion that it may well entertain jurisdiction in this case.

The second question is one of much difficulty and perplexity, arising from the various, and in some instances, novel provisions of Legislative enactments.

WILLIAMSON
*vs*
COMMONWEALTH

revise the decisions of the Lexington City Court.

The City of Lexington was incorporated in 1831, and since that time its charter has undergone various changes. In 1842 an act was passed entitled, "an act to reduce into one and digest and amend the acts and amendatory acts incorporating the City of Lexington." The thirty-fifth section of this act provides, that the Mayor and Coun-cilmen shall "have power to suppress, by ordinances with suitable penalties, all riots, disorders, breaches of the peace and disturbances of the peace and tranquility of said City."

The forty-first section provides, that "they shall have power to pass ordinances and by-laws for carrying into effect all the powers therein granted, with suitable penal-ties for the infraction of the same, not exceeding fifty dollars, except in cases of breaches of the peace, &c. where it may be one hundred dollars." Shortly after the passage of this act, an ordinance was passed declaring, that "every person who should commit a breach of the peace within the city, should, for every such offence, for-feit and pay to the City, a sum not exceeding one hundred dollars, to be assessed by a jury.

In the forty-fourth section it is provided, that "all penal-ties for the violation of the ordinances and by-laws, shall be sued for by warrant in the name of the City of Lex-ington, in the City Court," &c. and in the seventy-first section, "all penalties for *breaches* of the ordinances and by-laws of the City, shall be sued for, by warrant, in the name of the City, and shall be for its use." By the act in question, the Lexington City Court is also established, with "exclusive original jurisdiction in all prosecutions for violations of the ordinances of said City, and criminal jurisdiction in all cases where, by the laws of this State, Justices of the Peace within the county of Fayette are, and shall be authorized to hear and determine, or in any manner to act."

It is also provided, that "said Court shall have concur-rent jurisdiction with the Fayette Circuit Court, in prose-cutions by indictment or presentment for breaches of the peace."

The proceeding in this case is not by indictment or presentment, but by warrant in the "style" and "name"

of the Commonwealth. It is not, therefore, such a war-
rant as is required by the 44th and 71st sections of the
act of 1842. It is not "in the name of the city of Lex-
ington." But it is insisted as the act of 1842 contains
no express repealing clause; that former acts upon the
subject, except so far as their provisions may be incon-
sistent with the act of 1842, are still in force, and in this
view, that the warrant in question may be sustained. We
are not satisfied, after a careful examination of the act
of 1842, and of all the former acts, that even upon this
principle, the warrant was properly sued out : but we
are of opinion that it was the intention of the Legislature
and of all parties concerned, that the act of 1842 should,
in effect, operate as a new charter, and that to the extent
that power is given by that act, to the Mayor and Coun-
cilmen, to pass ordinances upon any subject, and such
power is exercised, and ordinances adopted, that to that
extent such ordinances should constitute the law upon
such subject, and in effect, repeal any former law in ref-
erence to it, whether inconsistent with them or not. We
have seen that the act of 1842 authorizes the Mayor and
Councilmen to provide for the suppression, by ordinan-
ces with suitable penalties, of breaches of the peace,
limiting the penalty in such cases to one hundred dollars;
and that shortly afterwards, an ordinance upon this sub-
ject was passed. That ordinance constitutes the law
upon the subject, and we are inclined to the opinion that
the City Court has no jurisdiction to proceed by warrant,
for a breach of the peace, except upon the ground that
it is a violation of *the ordinance.*

But in reference to several of the provisions referred
to, of the act of 1842, questions of very serious import
are suggested.

And, 1st. Whether it is within the constitutional prov-
ince of the Legislature to vest in the Mayor and Coun-
cilmen of the City of Lexington power to establish an
ordinance in reference to breaches of the peace within the
limits of the City, which, when established, shall have
the binding efficacy of law.

To this it may be replied, that the ordinance in this
case is, in effect, but the provision of the statute. The

WILLIAMSON
*vs*
COMMONWEALTH

The Legislature
have the power
to vest in City
corporations the
power to make
ordinances and
by-laws for the
preservation of
good order,
(not inconsistent
with the consti-
tution and laws
of the State,)

WILLIAMSON
*vs*
COMMONWEALTH

and confer pow-
er to enforce
them.

statute limits the penalty, for a breach of the peace in the City of Lexington, and prescribes the mode of enforcing it. But we are not prepared to say that the Legislature may not, constitutionally, vest in corporations the power of passing ordinances and by-laws, necessary for their prosperity, preservation and existence, and of providing, by law, for enforcing, and sustaining, and punishing the violation of such ordinances and by-laws, when establish-ed. Such a province has been too long assumed and exercised by the Legislature, and acquiesced in by the country, to be now questioned and disturbed. But in saying this, we would not be understood as intimating that the power of the Legislature, in such cases, is unlim-ited and without restriction.

In this case, however, as the ordinance is strictly within the provisions of the statute, and designed for the preser-vation of the peace and tranquility of the City, we are of the opinion that it has the force of law, and that the Le-gislature possessed the power of providing, by law, for its violation.

The Legislature may constitu-tionally give to a City corporation the power to pro-ceed in the name of the City a-gainst offenders for violating its ordinances which are pun-ishable by fine.

But, 2d. It is suggested, that as a breach of the peace is an indictable offence, the proceeding by warrant, as in this case, is in violation of the eleventh section of the tenth article of the Constitution of Kentucky, which pro-vides that "no person shall, for any indictable offence, be proceeded against criminally, by information," &c. We are not aware of any decision of this Court, giving con-struction to that provision of the constitution. But this Court has regarded proceedings for offences, punishable by fine only, as of a *quasi* civil nature, as said in the case referred to of *Montee* vs *Commonwealth;* the Legis-lature have so regarded them by leaving to this Court ap-pellate jurisdiction in such cases. They have been con-sidered as rather penal proceedings than criminal, and the proceeding in this case may be regarded as a penal action—the warrant is a mere summons. Indictment is a general remedy for the redress of public injuries, and may be filed in all cases where an offence is created and punishment imposed : but in many such cases, penal actions are authorized, and proceeding by warrant. A proceeding in that way has never been held, and should

not be, we think, as a proceeding "criminally by information," and in violation of the clause of the constitution in question.

But, 3d. It is insisted that the proceeding by warrant, in the name of the City of Lexington, for the infraction of the ordinance referred to, for the suppression of breaches of the peace, is in conflict with the fourth section of the fourth article of the Constitution of Kentucky, which declares that "all prosecutions shall be carried on in the name and by the authority of the Commonwealth of Kentucky, and conclude against the peace and dignity of the same."

This objection has already, in effect, been answered. Such a proceeding would be in the nature of a penal or *qui tam* action, and would not, in view of the section referred to, be a prosecution. A warrant in the name of the City of Lexington, is authorized to recover the penalty for the violation of an ordinance of the Mayor and Board of Councilmen. The provision in the act of 1842, authorizing such a proceeding, is not, in our opinion, a violation of the constitution.

In view of the whole case then, we are of opinion that the warrant herein should have been in the name of the City of Lexington, and that the Court had no authority to proceed by warrant, in any other way; and that the Court, therefore, erred in overruling the motion of the plaintiff in error to quash it, and in arrest of the judgment.

It is, therefore, the opinion of the Court, that the judgment herein be reversed, and the cause remanded, with directions to quash the warrant.

*Shy* for plaintiff: *Cates, Attorney General, and Robinson & Johnson* for Commonwealth.

WILLIAMSON
*vs*
COMMONWEALTH

When a statute directs a proceeding to be had in the name of a City corporation for a breach of its laws, it is error to proceed in the name of the Commonwealth.