JUDGE HARDIÍT
delivered the opinion oe the court.
The act of the legislature “to amend the charter of the Independence and Colemansville Turnpike Road Company,” approved March 5, 1869, provides, in substance, that it shall not be lawful for the president or any of the officers of the company to pass through any of the toll-gates upon the road, or cause any cattle or teams to pass through them, without paying such tolls as are required by law to be paid by other persons; and that any of said officers so offending shall be liable to pay “not less than five dollars nor more than ten dollars for each offense, recoverable before a justice of the peace in the name of the commonwealth; one half of said fine to go to the informer and the other half into the treasury of said company.”'
In October, 1869, this proceeding was instituted in the name of the commonwealth, on the information of A. G. Klette, against the appellant, who was the president of the corporation, by a warrant for the recovery of fifty dollars, founded on a statement of Klette that the defendant had committed five several violations of said statute by passing his cattle and team through one of the toll-gates without the payment of toll.
A trial of the case before the justice resulted in a judgment against the defendant for fifty dollars, from which he appealed to the circuit court; and in that court the appellant having *538 filed an answer to the statement of Klette, to which the court sustained a demurrer, and he “ failing further to answer,” the court rendered a judgment against him for fifty dollars without a trial by jury, and, so far as appears in the record, without other evidence than the charge in the warrant and the original written statement of Klette; and this appeal is from that judgment.
It is insisted for the appellant that the amendment to the charter was unauthorized and invalid; but as it does not appear that it operated to impair any vested right which he may have had to the free use of the road, by contract or otherwise, this objection can not be sustained. But on another ground the judgment is deemed erroneous, and must be reversed.
Regarding this proceeding as a penal action, as we think we should, the action of the inferior court should have conformed to the provisions of the Civil Code of Practice regulating actions for the recovery of demands of like amount in damages to be assessed, or as penalties not restricted to particular sums, but to be ascertained by a proper trial or inquiry from the facts. '(Criminal Code, section 8.) And whether or not it would have been proper for the court upon proof to assess and adjudge the aggregate amount of the five fines sought to be recovered, of from five to ten dollars each, without the intervention of a jury, none being demanded by the defendant, as the whole amount claimed did not exceed fifty dollars, he was not required to file an answer controverting the charges made against him; and the court was not authorized to render judgment against him, as it seems to have done, without proof, upon an implied confession of those charges by his failure to file a sufficient answer. (Civil Code, section 827.)
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.