## CITY OF BOWLING GREEN v. JENNIE GARDNER.

**Criminal Law—Misdemeanors—Jurisdiction of Police Court.**

The minor class of wrongs known as misdemeanors can be tried, where jurisdiction has been given to inferior courts, without an indictment.

### APPEAL FROM BOWLING GREEN POLICE COURT.

March 1, 1877.

OPINION BY JUDGE PRYOR:

The Criminal Code provides that offenses within the jurisdiction of a justice of the peace or of a city or police court, when the punishment is by fine limited to one hundred dollars, may be prosecuted by summons or warrant of arrest. This case is embraced within the jurisdiction of the police judge, and that officer is vested with the right to enforce the penalty when the guilt of the party is established, and it is immaterial whether the jurisdiction is exclusive or concurrent only. The minor class of wrongs known as misdemeanors can be tried where jurisdiction has been conferred on inferior courts without an indictment.

The whole weight of authority sustains this view of the question. Those guilty of a riot, affray, breach of the peace, etc., may be arrested and tried upon a warrant. These offenses were indictable at the common law. The case of *Williamson v. Commonwealth,* 4 B. Mon. 146, settles the question involved in this case. Nor are we prepared to decide that a party at common law would not have been arrested and tried without indictment for keeping a disorderly house, but conceded that it could not be done, still it is a mere misdemeanor, and the proceeding to recover is in the nature of a penal action partaking as much of a civil as criminal proceeding. Such legislation has so often been held constitutional that it is not now to be regarded as an open question.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*B. F. Proctor, for appellant.   Hines & Porter, for appellee.*