CASE 79—ORDINARY—APRIL 1.

# Long v. Wood, &c.

APPEAL FROM MONROE CIRCUIT COURT.

1. A *capias pro fine* may issue upon a judgment without the order of a court.

2. A party arrested under a *capias pro fine* in a county other than that from which it was issued should be taken by the officer to the jail of the county whence it issued.

LESLIE & BOTTS FOR APPELLANT.

1. The answer fails to aver that the court rendering the judgment directed that he be arrested unless he paid it.   (Crim. Code, sec. 289.)

2. There is no authority for the arrest of appellant in Barren county upon a judgment in Monroe county.   General Statutes, chapter 29, article 1, section 25, provides for the only state of case in which it can be done.

BOLES & EUBANK FOR APPELLEE.

1. No order of court to arrest the appellant was necessary.

2. Having been arrested by the sheriff of Barren upon a *capias pro fine* that issued from Monroe criminal court, it was his duty to take appellant back to Monroe and put him in jail. (Crim. Code, sec. 289; Gen. Stat., 744, secs. 18 and 19; Ibid, 321, sec. 25.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried, and fined in the Monroe criminal court for a misdemeanor.

A *capias pro fine* was issued on the judgment and placed in the hands of the sheriff of Barren county, who arrested him, and taking him to the county seat of Monroe county, delivered him to the jailer of that county, who imprisoned him in the county jail.

The appellant brought this action of trespass against the sheriff of Barren and the jailer of Monroe for the arrest and imprisonment, and the court having overruled a demurrer to the answer of the defendants, setting up the judgment and

writ in defense, he stood by his demurrer and allowed his petition to be dismissed.

Two principal grounds are relied upon for reversal:

1. That it does not appear that the court ordered a *capias* to issue, and that none could be lawfully issued without such order.

2. That if the writ properly issued, the sheriff of Barren should have committed the appellant to the jail of that county, and had no authority to take him to Monroe county, and consequently that his detention in Monroe by the sheriff and his imprisonment by the jailer of that county were unlawful.

1. The statute provides that "upon a judgment, in the name and for the use of the Commonwealth, a *capias pro fine*, or any other final process, may issue from time to time until the judgment be satisfied." (Section 18, article 11, chapter 92, General Statutes.)

This authorizes a *capias pro fine* to issue on a judgment for a fine without an order of court specially so directing.

2. Neither our present statutes nor any former statute, so far as we have been able to discover, directs in what county a defendant arrested on a *capias pro fine* shall be imprisoned.

The office of all writs of execution is to compel satisfaction of, or obedience to, the judgment on which they issue.

Executions formerly issued only in term time, and were returnable to the next term of the court. Executions of *fi. fa.* commanded the officer that he cause to be made of the goods and chattels of the defendant a certain sum of money, and that he have the money and the writ before the judges of the court at the next term.

And the writ of *capias ad satisfaciendum* in like manner commanded the officer to take the body of the defendant

and have him before the judge of the court rendering the judgment at the next term of the court. Subsequently the common law practice of issuing writs of execution at one term returnable to the next was changed by statute, and such writs were issued by the clerk in vacation and made returnable to designated rule days also in vacation, but the command in *fi. fas.* and in *ca. sas.* continued to be to have the money, or the body of the defendant, as the case might be, before the judge, at the court-house, on the return day.

The form of the writ indicated that the body of the defendant was to be placed in the custody of an officer of the court from which the writ emanated; and the conclusion that he should be placed in the jail of the county in which the judgment was rendered is made stronger by the fact that he was seized as a means of compelling satisfaction of the judgment, which, unless paid to a proper officer having process in his hands authorizing him to collect the money due on the judgment, should be paid to the proper officer of the court rendering the judgment.

Moreover, the jail and jailer of one county are not subject to the control of the courts of another county, except in cases provided for by statute, and one imprisoned under the process of the court of a particular county should be under the control of the officers of that court, and subject to its orders in such further proceedings as may become necessary or proper.

We are therefore of the opinion that the court did not err in sustaining the demurrer, and the judgment is affirmed.