CASE 45.—PROSECUTION    BY    THE    COMMONWEALTH
    AGAINST W. H. HARP FOR SELLING WHISKEY
    IN VIOLATION OF THE LOCAL OPTION LAW.—
    March 21, 1901.

## Harp v. Commonwealth.

Appeal from Whitley Circuit Court.

From the judgment rendered, defendant appeals.—
Affirmed.

1.  Criminal Law—Recovery of Fine by Penal Action—Partial
    Repeal of Local Liquor Law—Capias Pro Fine.—Under Cr.
    Code Practice, section 11, providing that "a public offense
    of which the only punishment is a fine, may be prosecuted
    by a penal action in the name of the Commonwealth of
    Kentucky," a fine for the offense of selling liquor in viola-
    tion of a local law may be recovered in a penal action, there
    being no requirement in the general local option law which
    now controls as to the penalty to be inflicted and the pro-
    ceedings for its recovery, that the proceeding shall be by
    indictment.

2.  As to the penalty to be inflicted and the proceeding for its
    recovery, all local prohibitory liquor laws have been super-
    seded by Ky. St. sections 2557, 2558, part of the general
    local option law.

3.  Under Cr. Code Prac. section 301, a capias pro fine may be
    issued upon a judgment for a fine rendered in a penal action.

C. W. LESTER for appellant.

J. N. SHARP for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—
Affirming.

Appellant was fined in the court below $100 under
a petition filed against him by the Commonwealth of
Kentucky, charging him with selling spirituous
liquors in Whitley county, in violation of the local
prohibitory law, and a capias pro fine was awarded

on the judgment. It is insisted for him that the case cannot be prosecuted by a penal action, and that a capias pro fine cannot be awarded upon the judgment in such an action. Section 11 of the Criminal Code of Practice is as follows: "A public offense of which the only punishment is a fine, may be prosecuted by a penal action in the name of the Commonwealth of Kentucky. * * * The proceedings in penal actions are regulated by the Code of Practice in civil actions." Under this statute, it has been held that a fine may be recovered in a civil action, unless the statute provides that the proceeding must be by indictment Com. v. Railroad Co., 80 Ky. 291; Com. v. Sherman, 85 Ky. 686, 4 S. W. 790; Com. v. Railroad Co., 37 S. W. 589.

The local prohibitory act, as to the penalty to be inflicted, the proceedings by which it may be recovered, and the like, has been superseded by the general law as contained in sections 2557, 2558, Ky. St. Stamper v. Com., 42 S. W. 915; Thompson v. Com., 45 S. W. 1039, 46 S. W. 492, 698; White v. Com., 50 S. W. 678. The general law provides simply for a fine of not less than $100, nor more than $200, and this fine may be recovered, under section 11, of the Criminal Code of Practice, by a penal action, under the principles settled in the cases above cited.

As to the capias pro fine on the judgment, section 301 of the Criminal Code seems conclusive: "Upon judgments for fines, whether rendered on indictments, penal actions or otherwise, writs of execution as provided in the General Statutes may be issued against the person or property of the defendant." See Long v. Wood, 78 Ky. 392.

Judgment affirmed.