Louisville & N. R. R. Co. v. Commonwealth.

CASE 72—ACTION BY THE COMMONWEALTH AGAINST THE L. & N. R.
R. CO. TO RECOVER A PENALTY FOR THE OFFENSE OF SUFFERING
GAMING.—FEB. 5.

# Louisville & N. R. R. Co. v. Commonwealth.

APPEAL · FROM TODD CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

PENAL ACTION—REPEAL OF STATUTE—NECESSITY OF INDICTMENT—SUF-
FERING GAMING ON RAILROAD TRAIN—EVIDENCE—MISCONDUCT OF·
PROSECUTING ATTORNEY—INSTRUCTION ON REASONABLE DOUBT—
REQUIRING DEFENDANT TO CRIMINATE HIMSELF—NECESSITY OF
FILING ANSWER.

Held:  1. Cr. Code Prac. section 11, providing that a public offense·
of which the only punishment is a fine may be prosecuted by a
penal action, was not repealed by Kentucky Statutes, section
1141, providing that "in misdemeanor cases where the highest
penalty that may be imposed is a fine of one hundred dollars
and imprisonment for fifty days, the offender may be pros-
ecuted by warrant as provided in the Criminal Code, or by in-
formation filed by the Commonwealth's attorney or county attor-
ney."

2. Const. section 12, providing that, with certain exceptions, "no·
person for an indictable offense shall be proceeded against crim-
inally by information," does not apply to misdemeanors
punishable by fine, and therefore the Legislature had
power to provide for the prosecution of such offenses by penal
action.

3. Kentucky Statutes, section 1978, providing for the punishment
of any person who shall suffer gaming "in a house, boat or
float or on premises in his occupation or under his control,"
a railroad company may be punished for suffering gaming on a
moving train under its control.

4. Admissions of evidence in such a prosecution that the gaming
was continuous from the time the train started until it stopped
was not prejudicial to defendant, as the evidence was brought out
by the witnesses in explaining how they knew that gaming was
done in the county in which the offense was charged to have
been committed, and the instructions confined the jury to what
was done in that county.

Louisville & N. R. R. Co. v. Commonwealth.

5. The statement of the Commonwealth's attorney to the jury, in opening the case, to the effect that defendant denied everything, as in other cases, was improper, but was not substantially prejudicial.

6. Cr. Code Prac. section 238, providing that "if there be a reasonable doubt of the defendant being proved to be guilty he is entitled to an acquittal," applies to a prosection by penal action as well as by indictment; and it was, therefore, error, in such an action, to require the jury to believe only "from the preponderance of the evidence" the facts necessary to constitute guilt.

7. The defendant in a penal action should not be required to file an answer to the petition, but should be admitted to plead merely "not guilty" to the charge, as the defendant, under the Constitution, can not be required to give evidence against himself.

PERKINS & KIMBLE AND EDWARD W. HINES, FOR APPELLANT.

At the March term, 1900 of the Todd circuit court the Commonwealth recovered of the appellant $250 and costs in a penal action against it by the attorney for the Commonwealth for the alleged offense of suffering gaming on one of its trains.

No indictment was returned by the grand jury, a petition or information merely being filed on which summons was issued, it being claimed by the attorney for appellee that this mode of procedure is authorized by section 11 of the Criminal Code.

1. We contend that section 11 of the Criminal Code was repealed by section 1141 of the Kentucky Statutes.

2. If section 11 is not repealed, we claim it is contrary to section 12 of the Constitution of Kentucky.

3. The attorney for the Commonwealth having expressly elected to proceed under section 1978 of the Kentucky Statutes, we contend that the word "premises" in said section does not include a coach on a railroad train. A coach is personal property and therefore not "premises."

4. The court permitted the attorney for the Commonwealth. in making his statement to the jury to say to the jury: "The defendant, the L. & N. R. R. Co., *as it does in all its cases, denies any and all guilt.*

5. The verdict is not sustained by the evidence.

## AUTHORITIES CITED.

Criminal Code, sec. 11; Kentucky Statutes sec. 1141; Broaddus v. Broaddus, 10 Bush, 308; Commonwealth v. Godshaw, 13 Ky. Law Rep., 572; Jackson v. Wenehirt, 17 Ky. Law Rep.,

72; Long, Treas. v. Stone, Aud., 19 Ky. Law Rep., 246 Buch-annan v. Commonwealth, 15 Ky. Law Rep., 381; Conley v. Commonwealth, 17 Ky. Law Rep., 678; Conley v. Plummer 21 Ky. Law Rep., 641; Joyes v. Jeff. Co. Fiscal Ct., 21 Ky. Law Rep., 199; Constitution of Kentucky, sec. 12; Harrison v. Chiles, 3 Littell, 197; Wilkinson v. Commonwealth, 4 B. M., 146; Commonwealth v. Avery, 14 Bush, 639; Montee v. Commonwealth, 3 J. J. M., 132; Commonwealth v. L. & N. R. R. Co., 3 Ky. Law Rep., 788; Same v. Same, 16 Ky. Law Rep., 484; Constitution of Kentucky, sec. 98; 4 Blackstone Com., page 429-310; Commonwealth v. Mann, 7 Ky. Law Rep., 829; 10 Am. & Eng. Ency. Law, page 456; Boyd v. U. S., 116 U. S. Rep., 616; Civil Code of Practice, sec. 169; Constitution of the U. S., 5th Amendment, 14th Amend.; Story Equity Juris., paragraph, 1494; Pollock v. Steamboat Laura, 5th Federal Rep., 133; Kentucky Statutes, sec. 1978; Sedgwick on Stat. Constr., page 361; Sandiman v. Breach, 7 B. & C. (Eng.) 99; Rex v. Sylvester, 33 L. J. M. C., 79; Peate v. Dicklin, 4 L. J. Ex., 28; Clark v. Garkorth, 8 Taunt. (Eng.) 481; Rex v. Hodges, Moo. & M. (Eng.) 341; Reg. v. Lichfield, 2 Q. B., 693; Rex v. Wallis, 5 T. R., 375; Kitchen v. Shaw, 6 Ad. & E., 729; McDoile v. People, 29 Mich., 50; Chegary v. Mayor, etc., 13 N. Y., 220; Sullivan's Appeal, 77 Pa. State, 107; Bucher v. Commonwealth, 103 Pa. State, 528; Edom v. Hayden, 20 Wis., 682; King v. Thompson, 87 Pa. State, 865; Bevitt v. Crandall, 19 Wis., 581; Duannesburg v. Jenkins, 40 Brab. (N. Y.) 574; Ambler v. Whipple, 32 Am. St. Rep., 203; People v. Richards, 2 Am. St. Rep., 373; Fischer v. Kollerts, 16 B. M., 407; City of Covington v. McNickle, 18 B. M., 262, Kennedy v. Foster's Extr., 14 Bush., 482; Barbour v. City of Louisville, 7 Ky. Law Rep., 16; Commonwealth v. Kammerer, 11 Ky. Law Rep., 777; Bowers v. Pomeroy, 21 Ohio St., 188; Bondalow v. People, 90 Ill., 290; Keerman v. Adriatic Fire Ins. Co., 45 N. Y. Super Ct., 394; Carlin v. Western As. Co., 57 Md., 515; 40 Am. Rep., 440; Lethbridge v. Lethbridge, 31 L. J. Ch., 741; State v. French, 120 Ind., 229; Winlock v. State, 23 N. E. Rep., 15; Hilton's Appeal, 116 Pa. State, 351; Perry v. Commonwealth, 5 Ky. Law Rep., 611 Creekmore v. Commonwealth, 11 Ky. Law Rep., 566; Kentucky Statutes, sec. 814; Carr v. The Fire Association, 60 N. H., 520; Rhodes v. Comonwealth, 21 Ky. Law Rep., 1070; Rhodes v. Commonwealth 21 Ky. Law Rep., 1076; Wilson v. Commonwealth, 21 Ky. Law Rep., 1333.

MORRIS BRECKINRIDGE AND ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL FOR THE COMMONWEALTH.

1. Counsel for appellant claim that section 11 of the Criminal Code is repealed by section 1141 of the Kentucky Statutes.

Louisville & N. R. R. Co. v. Commonwealth.

We claim that section 1141, Kentucky Statutes, instead of repealing section 11, of the Criminal Code, was intended to enlarge and broaden sections 10 and 11 by giving jurisdiction not only to justices, and city and police courts, but also to county and circuit courts, so that not only may the penalty of $100 be inflicted but that larger penalties may be recovered.

2. Neither can we see that said section 11 is, in any respect, in conflict with section 12 of the Kentucky Constitution. This question has been settled by repeated decisions of this court.

3. So we think the word "premises" used in the statute is comprehensive enough to include a railroad coach used for carrying passengers.

4. Whilst the attorneys for the Commonwealth may have been indiscreet in his statement to the jury of defendant's plea; it is not such an error as will authorize a reversal.

5. The court will not disturb a verdict on the evidence unless it is palpably against the weight of evidence which is not the case here.

### AUTHORITIES CITED.

Com. v. Avery, 14 Bush, 639; Harp v. Com., 22 R., 1792; Com. v. Sherman, 85 Ky., 691; Com. v. L. & N. R. R. Co., 80 Ky., 291; Same v. Same, 18 R., 610; Perry v. Com., 6 R., 134; Com. v. Perrigo, 3 Metc., 4; L. & N. R. R. Co. v. Howard, 82 Ky., 212; Johns v. L. & N. R. R. Co., 10 R., 757; Hourigan v. Com., 94 Ky., 920; Ray v. Com., 19 R., 1217; Thompson v. Thompson, 93 Ky., 435; Urso v. Unverz agt., 2 R., 228.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

This was a penal action by the Commonwealth against the Louisville & Nashville Railroad for suffering gaming contrary to section 1978, Kentucky Statute. A judgment was rendered in the circuit court for the sum of $200. The proceeding was instituted under section 11 of the Criminal Code of Practice. The first question made on the appeal is that this provision of the Code is repealed by section 1141, Kentucky Statute. Sections 10 and 11 of the Criminal Code of Practice are as follows: "Offenses within the jurisdiction of a justice of the peace or of a city or police court, the punishment of which is a fine limited to

one hundred dollars, may be prosecuted by a summons or warrant of arrest, in which shall be stated in general terms the offense charged to have been committed." Section 10. "A public offense of which the only punishment is a fine may be prosecuted by a penal action in the name of the Commonwealth of Kentucky or in the name of an individual or corporation, if the whole fine be given to such individual or corporation. The proceedings in the penal actions are regulated by the Code of Practice in civil actions." Section 11. It will be seen that section 10 relates to proceedings by a summons or warrant of arrest, which are regulated by the Criminal Code. Section 11 relates to penal actions in which the proceedings are regulated by the Civil Code. The Commonwealth has an election of remedies in cases falling within both of the sections, and in Wilson v. Com., 7 Bush, 536, it was held that, where the matter in controversy in penal actions does not exceed $50, pleading may be oral. Section 1141, Kentucky Statutes, is as follows: "In misdemeanor cases where the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days, the offender may be prosecuted by warrant as provided in the Criminal Code, or by information filed by the commonwealth's attorney or county attorney in the circuit court, or before the county judge, or a justice of the peace or police or city judge. The information shall be signed by the officer filing it, and shall state the nature of the offense charged; and when filed the court or judge or justice, shall at once issue a summons or warrant against the offender commanding him to appear within three days at the time and before the court or justice or judge mentioned therein; and the amount of bail that he may give for his appearance shall be specified in the warrant. The warrant or summons may be directed to any peace officer, and

shall be returned by him before the court or judge or justice mentioned in the warrant or summons. The proceedings upon the warrant or summons shall be the same as in other like cases prosecuted by warrant or summons." The words, "the offender may be prosecuted by warrant as provided in the Criminal Code," manifestly refer to the provisions of section 10, above quoted, which regulate the subject of prosecutions by warrant; and this part of the section was intended to increase the cases in which that mode of prosecution might be followed, so as to include those matters in which imprisonment for fifty days might be imposed, as well as a fine of $100. The remainder of the section gives an alternative proceeding in this class of cases by information filed by the Commonwealth's attorney or county attorney. On the information a summons or warrant is issued against the defendant, commanding him to appear within three days. The amount of bail he is to give must be specified in the warrant. The proceedings in the case are the same as in other like cases prosecuted by warrant or summons. The purpose of this part of the section is to empower the attorneys representing the Commonwealth to institute the proceeding without proof to the magistrate that there are reasonable grounds to believe the defendant guilty according to title 3 of the Criminal Code. The proceeding upon the information is covered by the Criminal Code, as in other like cases prosecuted by warrant or summons. It may be tried in three days, and may be taken out during the term of the circuit court or in vacation before the other officers named. It is entirely different from a penal action, which is governed by the Civil Code. In it the defendant can not be held to bail. He must be summoned as in other civil cases, and the case must be tried at the next regular term commencing at the proper time

Louisville & N. R. R. Co. v. Commonwealth.

thereafter.   A petition must be filed which is sufficient under the rules of the Civil Code governing pleadings.   There is nothing in section 1141 that in any way relates to penal actions.   It relates only to prosecutions by warrant, and was designed to extend section 10 of the Criminal Code, both as to the cases embraced by it, and the mode of obtaining the warrant or summons.   We therefore conclude that section 11 of the Code is not repealed by the section quoted from the Kentucky Statutes.   Though this question has not been expressly determined by this court, section 11 has in several cases been recognized as in force.   Com. v. Louisville & N. R. Co., 18 Ky. R., 610, (37 S. W., 589); Harp v. Com., 22 Ky. R., 1792, (61 S. W., 467); Com. v. Louisville & N. R. Co., 80 Ky., 291 (3 R., 788), (44 Am. Rep., 475); Com. v. Sherman, 85 Ky., 686 (9 R., 53), (4 S. W., 790).   See, also, section 63, Civ. Code Prac.

It is also insisted that section 11 of the Criminal Code is in conflict with section 12 of the Constitution of Kentucky: "No person for an indictable offense shall be proceeded against criminally by information, except in cases arising in the land or naval forces or in the militia when in actual service in time of war or public danger, or by leave of court for oppression or misdemeanor in office."   This provision was contained in the first Constitution of the State, and has been continued unchanged to the present time.   In 1843, in Williamson v. Com., 43 Ky., 146, this court said: "It is suggested that, as a breach of the peace is an indictable offense, the proceeding by warrant, as in this case, is in violation of the eleventh section of the tenth article of the Constitution of Kentucky, which provides that 'no person shall, for any indictable offense, be proceeded against criminally, by information,' etc.   We are not aware of any de-

cision of this court giving construction to that provision of the Constitution. But this court has regarded proceedings for offenses punishable by fine only as of a *quasi* civil nature, as said in the case referred to, of Montee v. Com., 26 Ky., 132. The Legislature have so regarded them, by leaving to this court appellate jurisdiction in such cases. They have been considered as rather penal proceedings, than criminal, and the proceeding in this case may be re. garded as a penal action. The warrant is a mere summons. Indictment is a general remedy for the redress of public injuries, and may be filed in all cases where an offense is created and punishment imposed; but in many such cases penal actions are authorized, and proceeding by warrant. A proceeding in that way has never been held, and should not be we think, as a proceeding 'criminally by information,' and in violation of the clause of the Constitution in question." Again, in 1879, in Com. v. Avery, 77 Ky., 625, (29 Am. Rep., 429),—a penal action to recover the amount of a debt,—the court said: "This is not a 'criminal prosecution,' nor 'an indictable offense,' within the meaning of the Constitution. Betting on an election was never a crime or an indictable offense at common law, nor is the offense, as prescribed by the Statute, to be visited with any infamous punishment; and it does not, therefore, come within the meaning of the twelfth and thirteenth sections of the Constitution, above quoted, either as a 'criminal prosecution' or as 'an indictable offense.' Is it a proceeding according to the law of the land? It is competent, as we have seen, for the Legislature to prescribe what shall be the mode of trial for a misdemeanor created by statute, which was not indictable at common law, and for which no infamous punishment is provided. Proff. Jury, sec. 97. The Legislature having denounced the penalty, and prescribed a method for

its recovery, in which a hearing is granted the accused, the trial by jury is preserved inviolate, and a judgment before dispossession prescribed. This, we think, is all that the Constitutional 'law of the land' requires in such cases." The constitutional convention which framed the present Constitution brought over into it, without change, the old provision which had thus been construed, and must therefore be held to have adopted it with the construction it had then received. It has been the policy of the State, from its foundation, to punish many minor offenses without indictment. These summary proceedings are essential to the welfare of society, and have by common consent been adopted to a greater or less extent in all States. At common law, misdemeanors might be prosecuted either by indictment or information. 1 Bish. Cr. Proc., sec. 141; 4 Bl. Comm., 301-310. Prosecutions for misdemeanors without indictment have been sustained in other States. See McGinnis v. State, 49 Am. Dec., 697; State v. Barnett, 87 Am. Dec., 471; State v. Bennett (Mo.) 14 S. W., 865, 10 L. R. A., 717.

The defendant was charged in the petition with willfully and knowingly suffering and permitting "divers persons to engage in games of chance, and bet, wager, hazard, win, and lose money as the result of same, on the premises of said railroad company, to wit, in a car of a special passenger train" run on September 10, 1899, from Clarksville, Tenn., to Evansville, Ind., and return. The prosecution was under section 1978, Kentucky Statutes: "Whoever shall suffer any game whatever at which money or property is won or lost, to be played in a house, boat or float or on premises in his occupation or under his control, shall be fined from $200 to $500 for each offense." It is earnestly urged for appellant that a railroad car does not come within this

Statute. The right of way of a railroad, and the grounds belonging to it are its premises. For these premises, it is responsible as any other owner, for gaming suffered thereon. The facts that the gaming was in a car standing on these premises would not be material; nor is the fact that the car was not stationary, but in motion. If a farmer suffered gaming to go on in a wagon on his farm driven by him from the crib to the cornfield, he would be as clearly guilty as if the wagon was standing at the crib, or the gaming was done in the crib. The purpose of the statute is the suppression of gaming, and to this end it imposes a penalty on all persons suffering it on premises in their occupation or under their control. The admission of evidence that the gaming was continuous from the time the train started until it stopped came about by witnesses stating facts incidentally. The mode of interrogation by the Commonwealth's attorney was proper, and the statements objected to were brought out by the witnesses in explaining how they knew that gaming was done in Todd county. The court, by its instructions, properly confined the jury to what was done in that county, and we do not see that there was any error to the substantial prejudice of the appellant in this matter.

The statement of the Commonwealth's attorney to the jury in opening the case, to the effect that the defendant denied everything, as in other cases, was improper, but we can not see that it could have been substantially prejudicial. We must give the juries some presumption that they understand that they are to try the case before them on the law and the evidence.

The court instructed the jury that if they believed, from the preponderance of the evidence, the defendant to be guilty of the offense charged, they should so find, and refused to instruct them that they should find for the defend-

ant unless they believed from the evidence, beyond a reasonable doubt, that it was guilty.   Section 238 of the Criminal Code is as follows:   "If there be a reasonable doubt of the defendant being proven to be guilty he is entitled to an acquittal."   In 1 Bish. Cr. Proc., sec. 1092, it is said:   "In a case of reasonable doubt, therefore, even the interests which prompted the prosecution require an acquittal. Blackstone deems it better that ten guilty persons escape than that one innocent suffer,' and he says that thus the law holds.   Such numerical comparison, however, is obviously impossible, but the general doctrine indicated thereby is beyond dispute."   Thus it will be seen that the doctrine that the defendant is to be acquitted, unless proven guilty beyond a reasonable doubt, was a rule of the common law. If the defendant in this case had been indicted for the offense charged, it would have been entitled to the benefit of section 238 of the Code, above quoted.   We do not think that the change in the mode of prosecution at the option of the Commonwealth's attorney can have the effect of denying the defendant so important a right.   The section quoted is of general application.   This, although a penal action, is a prosecution; and the defendant comes within the letter of the section, as well as its humane purpose.

The court also refused to allow the defendant to plead "Not guilty" to the charge, and required it to file an answer to the petition.   The defendant, under the Constitution, can not be required to give evidence against himself.   He can not, therefore, be examined by the State against his will, as to the truth of the charges against him.   To require him to answer the petition, and specifically admit or deny its allegations, is indirectly to make him give evidence against himself; for his admission of an allegation in the petition would dispense with proof of it by the State.

Whether, therefore, the prosecution is by penal action or indictment, a plea of not guilty, under the Constitution, is the only answer that the defendant may be required to file, and puts in issue all the allegations of the petition. A capias pro fine may issue on judgments in a penal action. Cr. Code Prac., sec. 301; Long v. Wood, 78 Ky., 392; Harp v. Com., 22 R., 1792 (61 S. W., 467).

On the return of the case the court will allow the defendant to withdraw its answer, and enter a plea of not guilty, if it desires to do so. We see no other error in the record; but for the reasons indicated the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.