CASE 74.—ACTION BY THE COMMONWEALTH AGAINST CHATTANOOGA IMPLEMENT & MFG. CO TO RE- COVER A PENALTY.—October 11.

# Commonwealth v. Chattanooga Im' p. & M'f'g. Co

Appeal from Carlisle Circuit Court.

R. J. Bugg, Circuit Judge.

From a judgment dismissing the petition the Com- monwealth appeals—Affirmed.

Corporations—Foreign Corporations—Business Within State—Ap- pointment of Agent.—A foreign corporation sold a press to a purchaser in Kentucky, and, he having failed to pay for it, an attorney recovered judgment and bought in the press thereunder for the corporation, and afterward sold the press at private sale. Thereafter the corporation appointed a sales agent within the state, but he transacted no business under such appointment. Held, that the corporation had not carried on business within the state without appointing an agent and filing certain notices with the Secretary of State, as required by Ky. Stats. 1903, section 571.

N. B. HAYS, Attorney General, and C. H. Morris for appellant.

ROBBINS, THOMAS & BRIDGEWATER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm- ing.

The Chattanooga Implement & Manufacturing Company is a corporation formed under the laws of Tennessee and residing at Knoxville. It did not com- ply with section 571, Ky. St. 1903, requiring all

foreign corporations "carrying on any business in this State" to have an authorized agent here upon whom process may be served and to file certain notices with the Secretary of State. On October 24, 1906, the Commonwealth filed a petition against the company to recover the penalty provided for the violation of that section. The defendant filed an answer. The case was tried before the circuit court, which dismissed the petition; and the Commonwealth appeals.

It is unnecessary for us to determine whether the second paragraph of the answer of the defendant was sufficient. In the first paragraph it was pleaded that the defendant was not guilty. This was all that was necessary. Louisville & Nashville R. R. v. Com., 112 Ky. 635, 66 S. W. 505, 23 Ky. Law Rep. 1900. The proof introduced on the trial showed that on January 24, 1906, the company had made a contract with the Bardwell Hardware Company, by which it was to act as agent for the company at Bardwell, in Carlisle county, in selling its machinery; but the proof also showed that the Bardwell Hardware Company had done nothing as agent, that it had handled none of the machinery, and had solicited no purchasers. The proof, therefore, did not show that the company had carried on business in Carlisle county. It only showed the appointment of an agent for that purpose. The statute only includes corporations carrying on business in this State." The appointment of an agent is a step towards carrying on business; but, unless the agent acts under his employment, the business is not carried on in this State. The proof also showed that some years ago the company had sold a press in Carlisle county; that the purchaser failed to pay for it; that the claim was placed in the hands of an attorney for collection; that he sued upon

it, and had the press sold, and bought it in for his client. This press, after he bought it in for his client, he had sold as a secondhand press in Bardwell at private sale. This, too, was not carrying on business in this State within the meaning of the statute. The seller had a right to collect his debt, and, when he had to buy in the property to save his debt, the reselling of the secondhand press privately to make the debt was not such a carrying on of business as the statute contemplates. Judgment affirmed.