## Commonwealth v. Burge.

(Decided June 12, 1917.)

Appeal from Pulaski Circuit Court.

Criminal Law—Information.—An information under section 1141 of the Kentucky Statutes must be filed in the circuit court, and while the court is in session, and the process on it directed by the judge of the court. An information cannot be filed in the clerk's office of the court during vacation, nor has the clerk authority to issue process on an information so filed.

M. M. LOGAN, Attorney General, and W. N. FLIPPIN, Commonwealth's Attorney, for appellant.

M. L. JARVIS and V. P. SMITH for appellee.

Opinion of the Court by Judge Carroll.—Affirming.

W. N. Flippin, Commonwealth's attorney for the 28th judicial district, filed in the clerk's office of the Pulaski Circuit Court, at a time when the court was not in session, an information under section 1141 of the Kentucky Statutes, charging Burge with the offense of selling liquor in local option territory. On this information the circuit clerk issued a summons against Burge commanding him to answer the information on the first day of the next term of the circuit court.

When the case came on for trial counsel for Burge moved the court to dismiss the information upon the ground that the statute did not authorize the filing of an

information in the clerk's office during the vacation of the court or the issual of a summons thereon by the clerk of the court; but this motion was overruled. Thereafter the case progressed to a judgment against Burge, and in disposing of the motion for a new trial the court sustained the contention of counsel for Burge that an information in the circuit court must be filed during a term of the court and summons or warrant thereon ordered to be issued by the judge of the court, and granted a new trial and quashed the information, to all of which the Commonwealth excepted, and prayed an appeal to this court.

The only question is, must an information be filed in the circuit court during a term thereof and summons or warrant thereon be directed to issue by the judge of the court? And in solving this question we must look to section 1141 of the statutes.

The prosecution of offenses by information was a departure from the practice that had prevailed in this state for many years that public offenses could only be prosecuted by indictment or penal action in the circuit court, or by a warrant or a summons issued by an inferior court upon an affidavit being filed showing that the party charged had committed a public offense. Section 1141 of the Kentucky Statutes, allowing certain misdemeanor cases to be prosecuted by information, was first enacted in 1893 as a part of the criminal law of the state. And as this method of prosecuting offenses is purely a creature of the statute, and the practice and procedure is prescribed by the statute, we must look alone to it in determining whether the Commonwealth's or county attorney may file in the clerk's office of the circuit court an information and have the clerk issue a summons thereon commanding the defendant in the information to appear on the first day of the next term of the circuit court to answer the charge.

It is provided, in part, in section 1141 of the statutes, that certain described misdemeanor cases may be prosecuted by "information filed by the Commonwealth's attorney or county attorney in the circuit court, or before the county judge, or a justice of the peace, or police or city judge. The information shall be signed by the officer filing it, and shall state the nature of the offense charged; and when filed, the court, or judge, or justice, shall at once issue a summons or warrant against the offender, commanding him to appear, within three days, at the time

and before the court or justice or judge mentioned therein; and the amount of bail that he may give for his appearance shall be specified in the warrant. The warrant or summons may be directed to any peace officer, and shall be returned by him before the court, or judge, or justice mentioned in the warrant or summons.''

It will be noticed that this statute provides that the information may be filed in the circuit court, or before the county judge, or a justice of the peace, or a police or city judge, and that when filed the court or judge or justice shall issue a summons or a warrant thereon commanding the defendant to appear within three days before the court or justice or judge mentioned therein. There is no provision for filing the information with or before the circuit clerk or any other clerk, and no provision authorizing the clerk of the court to issue either a summons or a warrant thereon. By the very words of the statute it must be filed in the circuit court, or before a judge or justice of the peace, and when filed, the court —which evidently refers to the circuit court—or judge, or justice, shall issue a summons or warrant against the defendant. It may be true that when an information is presented in the circuit court it will be filed with the clerk and the summons or warrant thereon issued by the clerk, but everything that the clerk does in connection with filing the information or issuing the summons or warrant must be done under and by direction of the court.

In view of the novelty of this method of prosecuting offenders, and the fact that no affidavit that a public offense had been committed was required to be filed, the legislature plainly intended that either the circuit court, or the judge of a police, city or county court, or a justice of the peace, should participate in initiating the prosecution by directing the nature of the process to be issued thereon, although possibly neither the circuit court, nor a judge or justice, would have the right to deny the request of the prosecuting officer to be allowed to file the information and have a summons or warrant issued thereon. Perhaps the lawmakers thought it well that there should be some restraint, although it might be passive, on the right of an officer to begin in this way a prosecution; and so it was carefully pointed out when and before whom the information should be filed and who should direct the issual of process. But whatever was in the mind of the legislature in so wording the stat-

ute, it seems clear that if the intention had been to permit the information to be filed in the clerk's office in vacation some expression indicating this purpose would be found in the statute. But there is none. On the contrary, the use of the words "circuit court" and "court" show that it was not the purpose to permit an information to be filed in the office of the circuit clerk during vacation.

We may further add that an information may be filed at any time before the county judge, city judge, or justice of the peace, and either of these officers, when an information is filed before him, may at any time issue a summons or warrant thereon and fix the time for the appearance of the offender. L. & N. R. R. Co. v. Com., 112 Ky. 635.

We think the court ruled correctly in quashing the information, and the judgment is affirmed.