## Borderland Coal Sales Company v. Walker.

(Decided March 24, 1925.)

### Appeal from Harlan Circuit Court.

1. Corporations—Petition's Failure to Show Corporation's Compliance with Statute to be Presented by Answer.—That petition does not show that foreign corporation suing in state courts has complied with Ky. Stats., section 571, is matter of defense to be presented by answer, and is not ground for a general demurrer to petition.

2. Corporations—Foreign Corporation Entitled to Sue Purchaser Without Complying with Statute.—Foreign corporation could maintain action in state courts against purchaser of its property in action to which it was not a party without complying with Ky. Stats., section 571.

3.  Judicial Sales—Purchaser Acquires no Rights as Against Owner Not Party to Judgment.—Purchaser at judicial sale acquires no rights to property, where owner was not party to judgment and had no notice thereof.

HALL, JONES & LEE for appellant.

RADER & HOWARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Borderland Coal Sales Company brought this action against H. A. Walker. It is alleged in the petition that it was a corporation organized under the laws of Ohio and that it was the owner and in the actual possession of 32 mine cars and certain other personal property situated on land owned by it in Harlan county; that on September 1, 1922, a suit was filed in the Harlan circuit court by Byrd Hansley, etc. v. the Can-Bit Coal Co., etc., to which action the plaintiff was not a party; that the suit resulted in a judgment and order of sale of the property of the Can-Bit Coal Company and also embraced the above property of the plaintiff by mistake; that the property was sold under the judgment as the property of the Can-Bit Coal Company and the defendant, H. A. Walker, became the purchaser; that the sale was reported to the court and confirmed; that it had no notice whatever of the proceedings and that Walker was about to take possession of its property and dispose of it unless restrained by the court. It prayed for a temporary injunction and on final hearing that it be adjudged the owner of all the property named in the petition. Later it filed an amended petition in which it alleged that the Can-Bit Coal Company became indebted to it in a large sum of money, which it was unable to pay, and that at the sheriff's sale under attachments, it purchased the property set out in the petition and has since been the owner of it, but had never attempted to do business in this state or to operate the mine or to transact any other business in this state than to purchase said property at the sheriff's sale in order to protect itself in the debt which the Can-Bit Coal Company owed it. A preliminary injunction was granted, but in the circuit court a general demurrer was sustained to the petition and the preliminary injunction was dissolved. The plaintiff appealed and in this court an order was made

continuing the preliminary injunction in force until the hearing of the case.

The ground of the court's action appears to be that the petition does not show that the plaintiff has complied with section 571, Kentucky Statutes, which requires corporations before carrying on any business in this state to file in the office of the secretary of state the statement therein provided for.

This is a matter of defense and must be presented by way of answer. It is not ground for a general demurrer to the petition. In Commonwealth v. Chattanooga, etc., Co., 126 Ky. 636, a foreign corporation had sold a press to a purchaser in Kentucky and he having failed to pay for it had recovered judgment and bought the press at the sale and afterwards sold the press at private sale by its attorney who had bid it in at the sale for the corporation. The court said:

"This, too, was not carrying on business in this state within the meaning of the statute. The seller had a right to collect his debt, and, when he had to buy in the property to save his debt, the reselling of the second-hand press privately to make the debt was not such a carrying on of business as the statute contemplates." 126 Ky. 636.

In Ichenhauser Co. v. Landrum, 153 Ky. 316, on similar facts, the court again said:

"The company was a foreign corporation doing business at Evansville, Indiana, and having a debt against a resident of this state, it may collect its debt or take a mortgage to secure it. This is not doing business in this state within the meaning of section 571, Kentucky Statutes." See also Artman Lumber Co. v. Bogard, 191 Ky. 392.

The court, therefore, erred in sustaining the demurrer to the petition and in dissolving the preliminary injunction. The plaintiff may maintain the action to protect its property rights from a wrongdoer, though it has not complied with section 571, Kentucky Statutes. 12 R. C. L. 69-71. Walker acquired no right in plaintiff's property by his purchase in the action to which plaintiff was not a party.

Judgment reversed and cause remanded for further proceedings consistent herewith.